McCORD, BRADY & CO., APPELLEES, V. JACOB WEIL ET AL., APPELLANTS.

[FILED MAY 27, 1890.]

(*Pending on rehearing.*)

1. **Receivers:** PETITION: AMENDMENT: During the hearing for the appointment of a receiver the court permitted the plaintiff to file an amended petition, to which the defendants objected but did not ask leave to file amended answers thereto, and it was agreed that the original answers should apply to the amended petition. *Held,* That the power to grant amendments in furtherance of justice could be exercised by the court on such

hearing, a reasonable opportunity being given to the adverse party to plead to the same, and that therefore there was no abuse of discretion.

2. ———: ORDER APPOINTING, INTERLOCUTORY. The appointment of a receiver to take charge of property *pendente lite* is an interlocutory order, and no appeal therefrom can be taken until after final judgment.

APPEAL from the district court for Douglas county. Heard below before WAKELEY, J.

*Charles A. Goss,* and *Churchill & Carr,* for appellants, cited, as to the amended petition: Code, sec. 267; *Hungerford v. Cushing,* 8 Wis., 323; *Johnson v. Powers,* 21 Neb., 292.

*Montgomery & Jeffrey, contra.*

MAXWELL, J.

This is an action in the nature of a creditor's bill and praying for an injunction and receiver.

The plaintiffs allege in their petition: "That on the 18th day of January, 1889, the plaintiff recovered a judgment against defendant Jacob Weil, Jr., in the county court of Douglas county, Nebraska, for the sum of $931.63 and $——— costs of suit, which judgment remains in full force, unreversed and unsatisfied. Afterwards plaintiff, on the same day, caused an execution to issue out of said court on said judgment against defendant Jacob Weil, Jr., which has been returned by the sheriff into court wholly unsatisfied, and indorsed by him as follows: 'No property found whereon to levy in satisfaction of said judgment debt.' Afterwards the plaintiff caused a transcript of said judgment, so as aforesaid obtained against defendant Jacob Weil, Jr., in said county court, to be made, which transcript was on the 21st day of January, 1889, filed in the office of the district court of Douglas county, Nebraska.

"Afterwards, to-wit, on the 21st day of January, 1889, plaintiffs caused an execution to be issued out of the said district court on said judgment against the property of the defendant Jacob Weil, Jr., which execution was delivered to the sheriff of said connty, who, after diligent search, being unable to find any goods and chattels, lands, or tenements of said defendant whereon to levy, returned said execution into court wholly unsatisfied.

"On the 14th day of January, 1889, the defendant Jacob Weil made, executed, and delivered to the defendant Lee Rothschild a chattel mortgage covering the entire stock of goods, wares, and merchandise, and other chattels, fixtures, accounts, and bills receivable belonging to him in the city of Omaha, which mortgage purported on its face to have been given for the consideration of $650, but which was, in fact, given upon no consideration whatever, and furthermore, with the fraudulent intent, on the part of the defendant Jacob Weil, Jr., which intent was well known and participated in by the defendant Lee Rothschild, to cheat and defraud the creditors of the said Jacob Weil, Jr., and to hinder and delay them in the collection of their claims. On the same day, to-wit, on the 14th day of January, 1889, the defendant Jacob Weil, Jr., also made, executed, and delivered to the defendant Caroline Weil, his mother, another mortgage covering the same stock of goods, wares, and merchandise, and other chattels, fixtures, accounts, and bills receivable belonging to him in the city of Omaha, which mortgage was given for the pretended consideration of $3,500, but which was, in fact, given upon no consideration whatever, and furthermore, with the fraudulent intent on the part of the defendant Jacob Weil, Jr., which intent was well known to and participated in by the defendant Caroline Weil, to cheat and defraud his creditors, and to hinder and delay them in the collection of their claims. On the same day said chattel mortgages were filed for record in the office of the clerk of

Douglas county, and the said mortgagees immediately took possession of said stock of goods, wares, and merchandise, so as aforesaid mortgaged under and by virtue of their said pretended mortgages, and still retain possession thereof.

"That said alleged mortgages were made, executed, and delivered at the same time, and were filed for record at the same time, and possession of the property was taken under said instruments at the same time, and all the steps, from the beginning leading up to the making of the said instruments and since, were a part of the same transaction, but neither of said instruments were superior to the other, but both were on the same footing and there was no arrangement as between them as to priority or order of payment, and they in reality made one instrument. In the said instrument to Caroline Weil it was provided that it should secure the payment of a debt to a third person, one Meyer Weil, who is not made a party thereto, but is a beneficiary thereunder, and by said instruments the said Lee Rothschild and Caroline Weil became trustees for the said Meyer Weil, and thereby said instruments constituted an assignment for the benefit of the creditors of Jacob Weil, Jr., of all his property, and are void because contrary to the assignment laws of Nebraska.

"That the defendant Jacob Weil is insolvent and has no property whatever liable to execution out of which the plaintiff can make the amount of his said judgment except the stock of goods, wares, and merchandise, and other chattels and books of accounts, and accounts, and bills receivable, so as aforesaid mortgaged, and which is of the fair and reasonable value of $1,800, and which is sufficient to satisfy the judgment of the plaintiff, if the incumbrances placed thereon for the purpose of hindering the creditors of the said Jacob Weil, Jr., from the collection of their claims be by an order of this honorable court declared fraudulent and void, and the title thereto declared wholly

in the defendant Jacob Weil, Jr., liable to the satisfaction of said judgment.

"The defendant Caroline Weil is the mother of the defendant Jacob Weil, Jr., and resides in the city of Cleveland, Ohio. The said mortgagees now in the possession of said stock of goods, wares, and merchandise threaten and are in fact about to and will, unless restrained by an order of this honorable court, sell and convert the same into money for the purpose of defrauding plaintiff and other creditors out of their just claims."

The amended petition was filed by leave of court on the hearing of an application for a receiver, and it is claimed by the appellants that as section 267 of the Code requires the notice to state upon what papers the application is founded, that therefore the court erred in permitting a new paper, viz., an amended petition, to be filed as a basis for the action of the court. Sec. 267 is as follows:

"No receiver shall be appointed except in a suit actually commenced and pending, and after notice to all parties to be affected thereby, of the time and place of the application, the names of the proposed receiver and of his proposed sureties, and of the proposed sureties of the applicant. Such notice shall state upon what papers the application is based, and be served upon the adverse party, or his solicitor, at least five days before the proposed hearing, and one additional day for every thirty miles of travel from the place of serving the notice to the place where the application is to be made, by the usually traveled route, or shall be published in the same manner as notices of the pendency of suits to non-resident defendants."

The object of these provisions is to enable the adverse parties to prepare to meet the charges upon which a receiver is sought. They do not deprive the court of the power to grant leave to amend any pleading or proceeding on behalf of either or both parties, when in the interest of justice such amendment is deemed necessary. Where such

McCord v. Weil.

leave is granted and material amendments made by one of the parties, it may be necessary to grant the adverse party leave and time to make amendments also before a final disposition of the matter. There was no attempt made by the appellants to amend their pleadings, nor do they seem to have desired to do so, as it was agreed that the answers to the original petition should be the answers to the amended petition. There was, therefore, no error in permitting the amended petition to be filed. Affidavits were filed by each party and a receiver was appointed, and from that order an appeal has been taken to this court. The main case is still pending and undetermined. No objection is made by the appellee on this ground, but the question forces itself upon the attention of the court, as it relates to its jurisdiction.

Section 581 of the Code provides that "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified, or reversed, as provided in this title."

An order appointing a receiver is not a final order; it is merely interlocutory, and no appeal lies therefrom. (*Eaton v. Varnum*, 10 O. S., 622; *Holden's Adm. v. McMakin*, Park. Eq. Cas., 270; *Meadow V. M. Co. v. Doddy*, 6 Neb., 261; High on Receivers, sec. 26.) The order cannot be reviewed therefore until after the rendition of a final judgment.

When the case is tried upon the facts and finally determined the judgment may be entirely satisfactory to the appellants.

The action must be

DISMISSED.

THE other judges concur.