H. WALLACHS & SONS ET AL. V. ROBINSON & STOKES COMPANY ET AL.

FILED FEBRUARY 3, 1897. No. 7039.

1. **Insolvent Corporations: PREFERRING CREDITORS.** An insolvent corporation may, in the absence of actual fraud, prefer one or more of its creditors to the exclusion of others.

2. ———: **FRAUDULENT CONVEYANCES.** Whether or not a conveyance by an insolvent corporation is fraudulent as to creditors cannot be determined as a question of law, but is a question of fact, to be determined from a consideration of the evidence in each particular case. (*Shaw v. Robinson,* 50 Neb., 403.)

ERROR from the district court of Douglas county. Tried below before FERGUSON, J. *Affirmed.*

*Rich, O'Neill & Sears,* for plaintiffs in error.

*Montgomery & Hall,* contra.

POST, C. J.

This is a petition in error by H. Wallachs & Sons, Barnheimer & Walker, Converse, Stanton & Cullen, Rothchilds & Co., James Talcott, and Robinson & Shackleton, who were intervenors in the district court for Douglas county in an action in which the Robinson & Stokes Company was plaintiff, and the Commercial National Bank, Anastatia Burnette, and George A. Bennett, sheriff, were defendants. The controlling question presented is that of the right of an insolvent corporation, in the absence of actual fraud, to prefer one or more of its creditors to the exclusion of others, and which was, by the order sustaining the demurrer of the Commercial National Bank to the petition of intervention, resolved in the affirmative. The precise question here involved was considered in *Shaw v. Robinson,* 50 Neb., 403, in which it was held that the question of fraud is in all such cases one of fact to be determined from a consideration of all of the evidence

adduced. We are satisfied with the reasoning of Mr. Commissioner RYAN in the case cited, as well as the conclusion there reached. It follows that the judgment of the district court is right and must be

AFFIRMED.

NORVAL, J.

I concur on the ground that the question was settled in the case cited in the opinion.