M. A. SEEDS DRY-PLATE COMPANY ET AL., APPELLEES, V. HEYN PHOTO-SUPPLY COMPANY ET AL., APPELLANTS.

FILED DECEMBER 22, 1898.    No. 8543.

1. **Insolvent Corporations: PREFERRING CREDITORS.** In the absence of actual fraud an insolvent corporation may prefer one or more of its creditors to the exclusion of others.

2. ———: ———: DIRECTORS. A corporation may not prefer a debt owing to its director, secretary, and treasurer.

3. **Appointment of Receiver: APPEAL.** An order appointing a receiver is appealable in advance of the final disposition of the cause.

4. ———: ———. Section 275 of the Code of Civil Procedure, authorizing an appeal from an interlocutory order, does not preclude a review of such an order upon a general appeal after final judgment in the case in which the order was made.

APPEAL from the district court of Douglas county. Heard below before AMBROSE, J. *Reversed.*

*J. C. Cowin, W. D. McHugh, C. F. Breckenridge,* and *B. N. Robertson,* for appellants.

*E. G. Thomas* and *Cavanagh & Thomas, contra.*

NORVAL, J.

November 15, 1894, the Heyn Photo-Supply Company, a corporation organized under the laws of this state, and being hopelessly insolvent, executed and delivered chattel mortgages as follows: Regina Bendit, $1,500; Omaha National Bank, $500; American National Bank, $400; Cowin & McHugh, $700; A. M. Collins Manufacturing Company, $1,294.32; Herf & Frisch Chemical Company, $424.80; Bausch-Lamb Optical Company, $438.90; Western Collodion Company, $436.11; E. & H. T. Anthony, $871.78; American Aristotype Company, $839.87; J. H. Smith & Co., $258.30. The mortgages were given priority in the order given above. On the same day the Heyn

Photo-Supply Company also executed and delivered to Sabina Heyn, the principal stockholder, and at the same time one of the directors, and the secretary and treasurer of said corporation, an assignment of a portion of the book accounts of the concern of the face value of $6,000 to secure a debt for half that sum which the corporation owed her. Said mortgages, as well as the transfer of the book accounts, were made for the purpose of giving a preference to the mortgagees and said Sabina Heyn over the other creditors of the corporation. The mortgagees took immediate possession of the mortgaged chattels, which was all the property of the corporation, except the book accounts; and the assigned accounts were at once turned over to Sabina Heyn. The corporation immediately ceased to do business, as was the intention and purpose when the mortgages and assignment were executed. The unsecured creditors of the corporation instituted attachment proceedings and garnished the several mortgagees and Sabina Heyn. The attaching creditors thereupon commenced this suit, setting up in their petition the facts heretofore stated, and praying, in addition to general equitable relief, the appointment of a receiver to take possession of the property of the corporation, and all the book accounts and assets of every nature. On December 7, 1894, John Lewis was appointed receiver, who qualified as such, and proceeded to convert the property into money, and collect the book accounts in compliance with the order of the court. Answers were filed by the several defendants, the principal issue tendered by the pleadings being the right of an insolvent corporation to prefer creditors by executing chattel mortgages on the assets. Upon the trial the district court ruled that such preference could not be made, held the several chattel mortgages and the assignment void, and that all the creditors of the corporation were entitled to prorate in the distribution of the funds in the hands of the receiver. The mortgagees and Sabina Heyn have prosecuted an appeal. Subsequently, in pur-

suance of the stipulation of the parties, this court made an order distributing the moneys in the receiver's hands, excepting a small sum detained to cover costs, between the first four mortgagees, the aggregate amount of their claims exceeding the funds for distribution.

It is suggested in the brief of appellees that appellants are not in a position to assail the decree of the trial court, because they consented to the order of distribution entered in this court. We do not think so. The parties stipulated that such order should be without prejudice to the rights of any of the litigants, and the order thus entered, in express terms, so provides. After the rendition of the decree in the cause this court ruled that, in the absence of fraud, an insolvent corporation might prefer one or more of its creditors to the exclusion of others. (*Shaw v. Robinson*, 50 Neb. 403; *Wallachs v. Robinson*, 50 Neb. 469.) The mortgages given by the Heyn Photo-Supply Company were to secure *bona fide* debts; therefore the trial court erred in canceling the same. The several mortgagees were entitled to the proceeds arising from the sale of the mortgaged chattels in the order of the priority of the liens. As Sabina Heyn was a director, secretary, and treasurer of the Heyn Photo-Supply Company, the corporation had no right to create a preference, as it did, by assigning to her the book accounts. Such assignment was illegal and void, and the district court did not err in so adjudicating. (*Ingwersen v. Edgecombe*, 42 Neb. 740; *Tillson v. Downing*, 45 Neb. 549; *Campbell Printing Press & Mfg. Co. v. Marder*, 50 Neb. 289.)

The next argument is that no receiver should have been appointed in the case. Counsel for plaintiffs and appellees insist that this question is not properly before the court for review, for the reason the order appointing a receiver was made more than six months before the appeal was perfected by the filing of the transcript with the clerk of this court. This last contention will be noticed first. Section 275 of the Code of Civil Procedure provides, *inter alia*, "all orders appointing receivers, giv-

ing them further directions and disposing of the property, may be appealed to the supreme court in the same manner as final orders and decrees." Under the foregoing provision an interlocutory order, like the one sought to be reviewed in this cause, is appealable in advance of the final disposition of the merits of the controversy. *McCord v. Weil*, 29 Neb. 682, it is true, is opposed to this holding, but a rehearing was granted in that cause, and on the second submission the former opinion upon that question was overruled and the plain provisions of the statute were recognized and applied. (*McCord v. Weil*, 33 Neb. 869.) The right to appeal conferred by said section of the Code is not exclusive, but the remedy there given is cumulative merely. The purpose of the provision above quoted was to confer the right, which otherwise would not have existed, of reviewing an interlocutory order appointing a receiver without waiting the disposition of the cause on its merits. An appeal from a final decree makes available in the appellate court all interlocutory orders in a case to which exceptions have been taken and preserved, in the absence of a waiver thereof. The precise point was decided the same way in *Buchanan v. Berkshire Life Ins. Co.*, 96 Ind. 510. That was a suit to foreclose a mortgage in which an order was made appointing a receiver, and the receivership was continued until final decree. The statute of Indiana permits an appeal to be taken from such an order to the supreme court in ten days from the date thereof, even though there has been no final disposition of the cause. No appeal was prosecuted from this interlocutory order within the time fixed therefor by law, but upon the entry of the final decree an appeal to the supreme court was perfected. It was insisted there, as here, that the order appointing the receiver was not reviewable. The court held the contention unsound, saying: "We are here met by the argument of counsel for appellee, that as the orders were not appealed from within ten days, there is nothing before us for decision in

relation thereto; that the general appeal does not bring up those questions. * * * If an appeal is taken from these interlocutory orders, as such, clearly it must be within the limit of the time fixed; or if taken from such an order made after the decision of the main case, but while that case is yet in any manner pending, it must be within the limited time. But does it follow from this that if no appeal shall be taken until the appeal of the main case, the action of the court in appointing or refusing to appoint a receiver may not be examined and corrected? We think not. If the sections of the Code of 1852, *supra*, had not been enacted, there would have been no appeal from the interlocutory orders named before the appeal of the main case, or separate from that case; but it does not follow that in such appeal such orders might not have been reviewed and pronounced correct or erroneous. And so in the case of interlocutory orders in relation to receivers without the act of 1875, there was no appeal separate and apart from the main case, but it does not follow that on appeal of that case the action of the court in relation to the receiver may not be reviewed. It has never been so decided nor intimated in any case in this court that we have been able to find." The same doctrine is sustained by the cases which follow: *Jones v. Chicago & N. W. R. Co.*, 36 Ia. 68; *Palmer v. Rogers*, 70 Ia. 381; *Lesure Lumber Co. v. Mutual Fire Ins. Co.*, 70 N. W. Rep. [Ia.] 761. The facts stated in the petition were quite sufficient to authorize the appointment of a receiver in the present cause. While neither the pleadings nor proofs justified the selection of a receiver to take charge of the mortgaged chattels, they were ample to sustain the order assailed so far as it related to the collection of the outstanding book accounts. The order appointing a receiver is affirmed. The decree is reversed and one will be entered in this court conforming to this opinion.

DECREE ACCORDINGLY.