FRANK E. MALM, APPELLEE, V. CHARLES STOCK ET AL.,
APPELLANTS; HANNAH STOCK ET AL., APPELLEES.

FILED FEBRUARY 19, 1916.    No. 18388.

1. **Action: JOINDER: SUIT AGAINST CORPORATION.** In a suit against
stockholders of an insolvent corporation by a judgment creditor of
the corporation, a cause of action for conversion of corporate as-
sets may be joined with one for the statutory liability of stock-
holders on account of failure to publish notice of the amount of
corporate indebtedness.

2. **Corporations: INSOLVENCY: TRUST FUNDS.** Property of an insolvent
corporation in the hands of its officers who have taken the same
in payment of debts due them, or its proceeds, is held by them in
trust for all creditors *pro rata*, including themselves.

APPEAL from the district court for Clay county: LESLIE
G. HURD, JUDGE. *Reversed with directions.*

*N. P. McDonald* and *Stiner & Boslaugh,* for appellants.

*Ambrose C. Epperson,* for appellee Malm.

*Charles H. Sloan* and *Paul E. Boslaugh,* for appellees
Stock and Elfring.

LETTON, J.

This is an action by a judgment creditor of the Sutton
Mercantile Company, an insolvent corporation, to collect
the indebtedness of the corporation to him, and was
brought against a number of its directors and stockholders.

The first petition filed in this case sought to recover
judgment upon the ground that plaintiff is a judgment
creditor of the corporation; that the corporation is in-
solvent; that no notice has ever been published in a news-
paper of the debts of the corporation as required by stat-
ute; that the defendants were stockholders in the corpora-
tion while it was in default, and that by reason of such
default the defendants and each of them are personally
liable for the debts of the corporation. Apparently two

amended petitions were filed which are not set forth in the transcript.

The third amended petition added to the allegations with respect to the nonpublication of notice further averments to the effect that in May, 1913, the defendant stockholders caused the corporation to go out of business and to exchange the stock of goods it owned for certain real estate which was placed in the name of defendant Ostertag; that the land has since been sold, and defendants have divided among themselves the funds received from the sale without paying the debts of the corporation. A motion was made by Ostertag to require plaintiff to separately state and number the causes of action in this petition, which was overruled. Ostertag then filed an answer, admitting the incorporation, denying a number of the other allegations, pleading that the petition does not state facts sufficient to entitle the plaintiff to the relief asked; that the first cause of action is new and different from that set forth in the original petition and is not germane thereto; that he did not participate in the transaction by which the stock of goods was exchanged for the real estate; that the title was placed in his name without his knowledge or consent; that defendant Charles Stock was president and manager, and defendant Hannah Stock, his wife, secretary of the corporation; that Stock agreed with Ostertag to pay all the debts of the corporation in consideration of the payment of $5,000 by him to Stock; that defendant has received not to exceed $4,000 in land, has paid $5,000 in debts of the corporation; and that the corporation owes him $2,500 in addition. Defendants Stock in their answer also assert that the third petition states a new and different cause of action; allege that in May, 1913, Charles Stock and Ostertag were the owners of all the capital stock of the corporation, and that Ostertag in consideration of the transfer of the land to him agreed to pay all its debts; that thereupon the corporation was dissolved; that Hannah Stock was compelled to pay certain debts of the corporation, amounting in all to about $5,500, of which amount Ostertag

afterwards paid her $3,885 in money from the proceeds of the land conveyed to him.

The court found that Charles Stock and Ostertag were the only stockholders in the Sutton Mercantile Company at the time it ceased business; found generally in favor of the other defendants; that the 480 acres of land was taken in exchange for the goods in the name of Stock and was by him conveyed to Ostertag; that said defendants appropriated the assets of the corporation to their own use and applied the same upon debts owing to them individually; that the property taken was equal in value to all the debts owing by the corporation to persons other than stockholders; and rendered judgment upon its findings against defendants Stock and Ostertag for $1,367 and costs. From this judgment both defendants appeal, and have assigned specific errors.

The first complaint made by Ostertag is that the court erred in overruling his motion to require plaintiff to separately state and number the causes of action in the third amended petition and in permitting this petition to be filed. It seems clear that there were two causes of action stated in the third amended petition, but the defendant was not prejudiced by the refusal to cause the same to be separately stated and numbered. The entire petition is subdivided into numbered paragraphs, and if defendant desired to raise any issue of law or fact with reference to any of the allegations of the petition this could readily and easily have been done as the petition stood. Ostertag, therefore, suffered no prejudice by this ruling. The complaint made by both defendants as to the inclusion by amendment of a new cause of action is not well founded. The purpose of the action was to recover an indebtedness from the stockholders of the insolvent corporation. There was no change in the relief sought in the original and in the third amended petitions. An additional ground of recovery was stated, and both causes of action could properly be joined under section 7657, Rev. St. 1913.

It is apparent that the judgment of the court is based upon the conversion and appropriation of the assets of the corporation by Stock and Ostertag, who were the stockholders and officers of the corporation, and not upon the failure to publish the notice of debts, and therefore the rulings of the court complained of in relation to the latter, charge were not prejudicial. As to the assignment that the judgment is not supported by the evidence, the evidence shows that the stock of goods was exchanged for 480 acres of land in Antelope county, subject to a mortgage of $2,500. The land was conveyed to Stock. An arrangement was then made between Ostertag and Stock by which Stock conveyed the real estate to Ostertag, who in consideration for the same agreed to pay the debts of the corporation. At that time the corporation owed both Stock and Ostertag. Some time previous to this, Ostertag and Mr. and Mrs. Stock borrowed money from the Sutton State Bank for the use of the corporation, executing a promissory note for the same as individuals. Certain shares of stock belonging to the corporation were transferred to Mrs. Stock to secure her for signing this note. The bank pressed for payment of the note, and the Stocks paid this debt; afterwards Ostertag paid them $1,885 in money and gave them notes amounting to $3,000, upon which $2,000 has been paid. The purchaser of the stock of goods assumed some of the debts of the company and afterwards paid them. At the time it went out of business the company owned a large number of outstanding book accounts which were subsequently collected and applied on the indebtedness. It seems to be established that at the time of the transfer of the stock of goods the corporation was insolvent and its assets were about equal in value to the debts then owing to persons other than its own officers. The officers had no right to absorb the assets for the satisfaction of their own debts and to fail and refuse to pay the debts of judgment creditors. *Ingwersen v. Edgecombe,* 42 Neb. 740; *Tillson v. Downing,* 45 Neb. 549; *Seeds Dry-Plate Co. v. Heyn Photo-Supply Co.,* 57 Neb. 214; *Sharp v. Call,* 69 Neb. 72.

It is asserted that the recovery is excessive, since the plaintiff's claim must be prorated with those of other creditors. After an exhaustive discussion by counsel of the principles involved, in *National Wall Paper Co. v. Columbia Nat. Bank,* 68 Neb. 47, the rule of *Beach v. Miller,* 130 Ill. 162, that a director of an insolvent corporation who had taken property of the corporation to pay a 'debt to himself became a trustee for all creditors including himself, is approved. This is decisive of this point.

The judgment is therefore erroneous and is reversed, and the cause is remanded to the district court for the purpose of ascertaining the true and just amount of the indebtedness of the corporation and the *pro rata* share of creditors in the proceeds of the property appropriated, and to render a decree accordingly.

REVERSED.