No. 2128.

### E. A. T. WILLIAMS v. W. T. WILLIAMS.

DIVORCE — CRUEL TREATMENT — ACCUSATIONS — PRESUMPTION.—Accusations against the wife of marital infidelity, repeatedly and publicly made by the husband, if groundless, constitute such cruel treatment as renders their living together insupportable; and the wife is presumed innocent until the contrary be proved. (Rev. Stat., art. 2861.)

APPEAL from Fannin.    Tried below before the Hon. D. H. Scott.

This was an action for divorce, brought by Mrs. E. A. T. Williams.    The trial resulted in a judgment for defendant, W. T. Williams.

*Charles D. Grace*, for appellant, cited Revised Statutes, Article 2863; Sheffield v. Sheffield, 3 Texas, 79; Mathews v. Mathews, 41 Texas, 331; Huilker v. Huilker, 64 Texas, 1; Bahn v. Bahn, 62 Texas, 518; Jones v. Jones, 60 Texas, 451; Shreck v. Shreck, 32 Texas, 589; Sharmon v. Sharmon, 18 Texas, 523; 1 Bishop on Marriage and Divorce, page 726; 11 Bishop on Marriage and Divorce, page 17.

*Lusk & Thurmond*, for appellee.

STAYTON, ASSOCIATE JUSTICE.    The evidence in this case leaves no doubt that the appellee repeatedly and publicly accused his wife of marital infidelity, and if these accusations were ground-

less, we have no doubt that, within the meaning of the law, they constitute such cruel treatment as would render their living together insupportable.   The defendant does not plead, nor did he attempt to prove, that the accusations were true.

In cases of this character, as in criminal cases, where such an accusation is made, the law presumes that the wife is innocent of the charge unless the contrary is shown.   In this case, all the evidence having any bearing on the truthfulness of the accusations made by the husband was introduced by the wife.   She seems to have withheld no evidence within her reach; and the witness who testified as to the facts on which a specific accusation was made seems to have testified with candor.

There is that in the testimony which would indicate some indiscreet acts on the part of the appellant; but when we consider the circumstances under which these occurred, they are susceptible of a construction not so harsh as must have been put upon them by the court below.   Every fact stated by the witness may be true, and still the wife not be guilty of any wrong either in thought or act.   If the wife be such an abandoned person as the accusations of her husband would make her, it would seem that evidence of the facts to support the charges ought to be accessible.

The court below must have been of the opinion that the evidence was sufficient to show that the accusations made by the husband were not groundless; for there can be no doubt that the accusations were made.   Upon a careful examination of all the evidence in the case, we are not satisfied that such a conclusion can be sustained upon the facts proved.

For this reason, the judgment of the court below will be reversed and the cause remanded.

It is so ordered.

*Reversed and remanded.*

Opinion delivered December 21, 1886.