### TEXAS BURKE v. O. W. BURKE.

1. DIVORCE —*Admissions as Evidence.* The admissions of a party against himself are admissible in evidence in an action for a divorce, when it appears that the admissions have not been obtained by connivance, fraud, coercion, or other improper means.

2. HUSBAND, *Guilty of Adultery — Wife, Ditto.* Divorce is a remedy protecting the innocent party, and is not intended for cases in which both parties are equally guilty; therefore, where the husband is shown to be guilty of adultery, he cannot have a divorce for adultery committed by the wife.

3. ADULTERY — *Presumptive Evidence.* Where an action is brought for divorce upon the ground of adultery, the proof to establish the adultery must be clear, positive, and satisfactory. Although presumptive evidence alone is sufficient to establish the fact of adulterous intercourse, the circumstances must lead to it, not only by fair inference, but as a necessary conclusion; appearances equally capable of two interpretations, one an innocent one, will not justify the presumption of guilt.

### *Error from Linn District Court.*

ACTION for divorce. Judgment for plaintiff, *O. W. Burke,* on April 21, 1888. The defendant, *Texas Burke,* comes to this court.

*James D. Snoddy, A. A. Harris,* and *Henry E. Harris,* for plaintiff in error.

*Biddle & Smith,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought in the court below by O. W. Burke against Texas Burke, his wife, to obtain a divorce on the ground of her adultery. The alleged *particeps criminis* was A. T. Brook. The defendant answered, denying the allegations of her adultery, and making recriminatory allegations of adultery by the plaintiff. The woman with whom the plaintiff was charged with having committed adultery was Mrs. Olive Meek. Upon the trial, the court granted a divorce to the plaintiff against the defendant upon

the ground of her adultery.   She complains of the judgment. Section 650 of the civil code reads:

"Upon the trial of an action for a divorce, or for alimony, the court may admit proof of the admissions of the parties to be received in evidence, carefully excluding such as shall appear to have been obtained by connivance, fraud, coercion, or other improper means.   Proof of cohabitation, and reputation of the marriage of the parties may be received as evidence of the marriage, but no divorce shall be granted without proof."

Upon the evidence of B. B. Boggess and J. W. Cox, it clearly appears that the plaintiff confessed his adultery as alleged in the answer.   The admissions were not obtained by connivance, fraud, coercion, or other improper means; nor were such admissions collusive or for the purpose of a reconciliation with the wife.   The plaintiff was present at the trial as a witness in his own behalf.   He did not deny or dispute the admissions.   The evidence offered on the trial we deem sufficient to establish his guilt.

Divorce is a remedy provided for an innocent party.   One shown to be guilty of adultery cannot have a divorce for adultery committed by the other; therefore, as the defendant established her recriminatory or counter charge, the plaintiff was not entitled to any divorce, or other relief.   It is not claimed that the wife ever condoned the offense of her husband. (5 Am. and Eng. Enc. of Law, 824–826 ; 2 Bish. Mar. & Div., 6th ed., § 80; 2 Greenl. Evi., 15th ed., § 52; *Horne v. Horne,* 72 N. C. 530; *Hoffman v. Hoffman,* 43 Mo. 547; *Mattox v. Mattox,* 2 Ohio, 234.)

Further, however, it is extremely doubtful whether there was sufficient evidence introduced upon the trial to establish the adultery of the wife.   The proof of adultery, in such a case as this, must be clear, positive, and satisfactory.   The evidence should show that actual adultery was committed, since nothing short of the carnal act can lay a foundation for divorce for this cause.   Evidence simply showing full and frequent opportunity for illicit or carnal intercourse is not

alone sufficient to found an inference that the criminal act was committed. Although presumptive evidence alone is sufficient to establish the fact of adulterous intercourse, the circumstances must lead to it, not only by fair inference, but as a necessary conclusion; appearances equally capable of two interpretations, one an innocent one, will not justify the presumption of guilt. (*Pollock v. Pollock*, 71 N. Y. 137; *Osborn v. Osborn*, 14 Atl. Rep. 217; *Koenig v. Koenig*, 9 id. 750; *Powell v. Powell*, 1 South. Rep. 551; *Williams v. Williams*, 2 S. W. Rep. 823; *Harberger v. Harberger*, 14 Pac. Rep. 70; 2 Bish. Mar. & Div., 6th ed., §§ 613–635.)

In this case, the evidence showed opportunity between the wife, Texas Burke, and A. T. Brook, but there was no direct proof of the fact of adultery between them. The finding of adultery on the part of the wife is based wholly upon inferences from the fact of opportunity and from the circumstances thereto attending. No letters from the wife to Brook, or from Brook to the wife, were in evidence; no witnesses testified to having seen any kisses, embraces, or undue familiarity between the wife and Brook. Both the defendant and Brook denied under oath the misconduct alleged, and attempted to explain all the circumstances causing the suspicions of the plaintiff. It is also significant that the plaintiff, until after the separation between himself and wife, never said anything to her about her intimacy with Brook, and never talked with Brook about it. When the plaintiff left the defendant, he was asked "what reason he had for acting that way?" He replied, "he didn't know."

In view, however, of the adultery of the plaintiff, the evidence offered to establish adultery on the part of the wife need not be discussed at length. We have referred to this only to show that under the authorities, if the opportunity merely for adultery is proved, there being no evidence of the will to improve it, this does not justify the inference of guilt; it must be further shown that the parties were together under suspicious circumstances not to be easily accounted for unless they

had the corrupt design. (*Mayer v. Mayer*, 6 C. E. Green [N. J.] 246.)

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.