I. D. BURDICK *et al.* v. THE CARBONDALE INVESTMENT
COMPANY.

No. 13,990.    (80 Pac. 40.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Petition—First Cause of Action Construed.*  A
petition which in one paragraph alleges as grounds for dam-
ages the premature bringing of a former action by the de-
fendant against the plaintiff, and that such action has been
determined by the court as prematurely brought and judg-
ment therein rendered against the plaintiff in such action for
costs, and, although the time for so doing has expired, has
never been appealed from or reversed, while not stating all
the facts necessary to constitute a cause of action, is an evi-
dent attempt to do so.  Upon the consideration of a motion
to require plaintiff separately to state and number his
causes of action, such paragraph should be regarded as one
cause of action.

2. —————— *Second Cause of Action Construed.*  In another para-
graph of such petition it is alleged that the defendant insti-
tuted a suit to enjoin the plaintiff from doing certain
acts, and that said injunction suit was heard by the court
and dismissed and judgment was rendered in such suit
against the plaintiff for costs.  This paragraph states an-
other cause of action for damages, in which the bondsmen of
the plaintiff in the injunction suit might have been joined as
defendants.

3. —————— *Third Cause of Action Construed.*  A third para-
graph of the petition alleges the refusal of the defendant to
do certain things which, it is alleged, the defendant in a
written contract agreed for a consideration to do, and that
such refusal was to the injury of the plaintiff.  This para-
graph states a third cause of action.

4. —————— *Motion Properly Sustained.*  The court sustained a
motion to require these three causes of action to be sepa-
rately stated and numbered, and upon the refusal of the
plaintiff to comply with this order dismissed the action.
*Held,* not error.

Error from Lyon district court; DENNIS MADDEN,
judge.  Opinion filed March 11, 1905.  Affirmed.

*Edwin S. Waterbury,* and *John G. Egan,* for plaintiffs in error.

*Buck & Spencer,* for defendant in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: This case has been in this court twice before (*Investment Co. v. Burdick,* 58 Kan. 517, 50 Pac. 442, and *Investment Co. v. Burdick,* 67 id. 329, 72 Pac. 781.) In the latter case the cause of action was pending on a petition almost identical with the one now under consideration, with respect to the allegation of damage from the premature bringing of the former action and the allegation of damage for the breach of a written contract. This court then held that the petition stated, or attempted to state, two causes of action. (67 Kan. 333, 334, 72 Pac. 781.) On the return of the case from this court, upon leave of court obtained, the plaintiffs filed a "second amended petition," which is very lengthy and recites the former history of the case and some of the former pleadings in the case. It covered nineteen pages of typewritten matter, divided into paragraphs from 1 to 16, inclusive. The eleventh, twelfth and thirteenth paragraphs are as follow:

"11. That on or about the 20th day of April, 1890, this defendant company commenced an action of foreclosure in the district court of said Osage county against these plaintiffs as defendants, by filing its petition and suing out summons thereon, in which petition said company alleged the execution of said note and mortgage by plaintiffs and attached what was therein alleged to be a copy of the note with all indorsements, but there was no indorsement thereon of the interest payment which these plaintiffs had made as aforesaid, and attached a copy of said mortgage, and withheld all the other of said written instruments which constituted parts of the same contract, and alleged that these plaintiffs had wholly failed and defaulted in the payment of said $376.36, the first year's interest on said $4672, the principal of

said note, and in the payment of said $36.96 taxes, and that no part of said note or interest or taxes had ever been paid by these plaintiffs, and declaring the whole of said sum and sums and interest thereon to then be, and, because of such defaults of payments, to have become, immediately due and payable, and demanding the judgment of the court accordingly and for the whole amount of the interest from the date of the note, without any credit, together with the entire principal, and $36.96 taxes, which the company had paid on the land, and the foreclosure of all interest of these plaintiffs in said land and every part thereof, and demanding the order and process of the court for the immediate judicial sale of the whole eighty acres as an entire tract, in conformity to the judgment which was so claimed by this defendant. And these plaintiffs duly appeared and filed their answer as defendants in that action, and wholly denied therein all the defaults and failures of payments alleged against them, and alleged their said payment of the first year's interest, and said due tender of the taxes as hereinbefore stated, and that they had been and were ready and willing to pay said $36.96 taxes, and that the same was duly deposited in the court for the company, and praying that said foreclosure action might abate; and they so duly deposited the $36.96 taxes with the filing of their answer accordingly; and on the 22d day of May, 1890, the company filed its reply in that action, in which it denied all the averments of said answer of these plaintiffs therein; that said action was duly submitted to and tried by a lawful jury on the 12th day of September, 1890, in the district court of Lyon county, Kansas, to which court said case had been duly removed on change of venue, and a verdict on said issues rendered in favor of these plaintiffs, and afterward, on the 1st day of December, 1890, the final judgment of said Lyon county district court was duly rendered on said verdict, overruling said company's motion for a new trial therein, and abating said action, and awarding costs to these plaintiffs, to all which said company excepted, and asked and obtained an allowance of 150 days thereafter in which to prepare, serve and have settled and certified a case-made for the review of said cause in the supreme court, but no such case was ever pre-

pared, and said judgment of December 1, 1890, was never appealed from or reversed.

"12. That on the 24th day of July, 1890, said company, as plaintiff, had duly commenced an action of injunction against these plaintiffs, as defendants, and in its petition therein, under oath, set out and alleged the whole contract between these parties, the same as plaintiffs have herein set out the same, and alleged that these plaintiffs had wholly violated, broken and disregarded the contract not to convert the land into a farm, or use the same for farm purposes, in that they had allowed stock to graze and pasture on the land, greatly injuring the parks, ornamental grounds, ornamental grasses and ornamental shade-trees, grape-vines and fruit-trees growing in the parks on said real estate; and that the whole debt stated in the contract was due and unpaid, and alleging the pendency of the first foreclosure suit on the mortgage as above stated, and praying for a temporary injunction against these plaintiffs from pasturing and grazing live stock on the land, to the impairment of the company's interest under the mortgage sought to be enforced in said foreclosure suit, and that such temporary injunction be made perpetual upon the final hearing, and that these plaintiffs be forever and perpetually forbidden and enjoined from using said land for pasturing and grazing live stock thereon; and these plaintiffs duly filed their answer in said action, wholly denying said acts charged against them therein as a violation of the contract; and said temporary injunction was kept in force and said action pending until the 21st day of May, 1894, when the same was finally tried in the district court of Lyon county, Kansas, to which court said cause had been duly removed on change of venue; and thereupon said court duly adjudged and decided that said company, plaintiff therein, had not stated or showed any cause of a separate action or right to relief independent of said mortgage foreclosure suit and not ancillary thereto, and dismissing said injunction suit and awarding the costs to these plaintiffs, defendants therein; upon which final judgment in said injunction case said company prosecuted a petition in error to the supreme court of Kansas, which court, on the 9th day of October, 1894, duly and finally dismissed

said proceeding in error, with costs against said company.

"13. That during the pendency of said two actions of the defendant to establish judicially that plaintiffs had violated the contract by using the land for farm purposes, and that the whole $4672 had become due before the commencement of said first foreclosure suit, the defendant wholly refused to receive any partial payment, and claimed that by such alleged faults of plaintiffs it was wholly discharged, and wholly refused to be bound by any of the obligations of the contract on its own part, and refused to cooperate in or consider any sales of lots which plaintiffs had made or might make, and refused to grant any releases of its mortgage on lots sold by plaintiffs and tenders of partial payments by them, as required by the terms of the contract; that while said first foreclosure suit was pending, and prior to the determination on the 1st day of December, 1890, these plaintiffs, in the development of said property, offered said lots for sale and negotiated and consummated sales of a large number of lots to various persons, among whom were David Overmeyer, S. Barnes, P. E. Gregory, John Gathercole, and W. F. Bailey, so far as such sales could be consummated without the concurrence of the defendant in releasing its mortgage on the lots so sold, and duly tendered to the defendant twelve dollars for each of said lots so sold, each of them being of the area aforesaid, and also tendered the cost of making releases and for releases of the same, and at the time of such tenders requested the defendant to give releases of its mortgage on the lots sold, respectively, and the defendant rejected such tenders and refused such releases, and declared that because of and during the pendency of said suits and their continuance in court it would not receive any partial payments less than the whole amount, nor give any partial releases of its mortgage; and after December 1, 1890, and after said judgment in determination of said first foreclosure suit, and before the maturity of said note and mortgage upon their face, these plaintiffs formally dedicated the streets, alleys and public grounds on said land, by duly executing and acknowledging the said plat thereof and having the same duly certified and recorded in the office of the register of

deeds of said Osage county, and gave due deeds of the conveyance of lots accordingly, and negotiated and consummated yet other sales of other lots as far as they were able to consummate such sales without the cooperation of the defendant, among others, to J. S. Jordan, Joel Huntoon, and John Gathercole, and duly tendered twelve dollars on each of said lots, of the area aforesaid, and in response to said tenders and demands for releases on the lots sold the defendant declared that its said contention that it was not bound to receive partial payments and give releases was still pending, notwithstanding said judgment of December 1, 1890, from which it had taken steps to appeal, and that it would receive no partial payments and give no releases because of the same, and that it therefore rejected said tenders last aforesaid and refused the releases demanded thereon."

It is apparent from the mere reading of these three sections of the petition that an attempt, at least, is made to state three separate causes of action, upon which three separate actions might have been maintained. On the hearing of the motion to require the plaintiff separately to state and number these causes of action it would have been error for the court to deny the same. (*Pierce v. Bicknell,* 11 Kan. 262.) The court did allow the motion, and the plaintiffs refused to comply with the order of the court on the ground, as they claim, that these matters are all embraced in one cause of action, viz., a breach of the written contract, and that the contract had been so destroyed by the defendant that they could not adequately show the damages they had suffered without pleading all of the transactions between the parties, however remotely connected with the contract, in one action. There is no force in this claim. If there be any merit in it the object can be easily attained by pleading the facts constituting the first cause of action separately, and, as to any subsequent cause of action, the facts should be separately pleaded which are pertinent only to that cause, and reference may

be made therein to particular facts stated in any former cause, and. such facts may thereby, without repetition, be made a part of such subsequent cause. Any fact common to several causes of action or defenses once pleaded in one cause of action or defense may be made a part of any subsequent cause of action or defense in the same pleading, by specific reference thereto, without repetition. (*L. N. & S. Rly. Co. v. Wilkins,* 45 Kan. 674, 26 Pac. 16; *Stewart v. Balderston,* 10 id. 131, 145.)

The order and judgment dismissing the action is affirmed.

All the Justices concurring.