No. 22,111.

JOSEPH ANDERSON, *Appellant*, v. THE DENISON CLAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Default—Leave to Plead—Judicial Discretion*. A district court has jurisdiction to hear a defendant's motion to make the plaintiff's petition more definite and certain, although the motion is filed by leave of court after the defendant is in default.

2. SAME—*Order to Amend Petition Proper*. It was not error to require the plaintiff to make his petition more definite and certain.

3. SAME—*Order of Court Not Complied With—Case Dismissed*. If a proper order to make a petition more definite and certain is not complied with, the action may be dismissed.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 10, 1919. Affirmed.

*W. H. Vann*, of Lenapah, Okla., for the appellant.
*Charles D. Welch*, of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from an order dismissing his action. It was one for damages for personal injury sustained by the plaintiff, caused by the negligent acts of the defendant while the plaintiff was working for the defendant in its brick plant at Coffeyville. Summons was duly served, but the defendant made default. Answer day was January 31, 1918. On February 6, the plaintiff requested that judgment be entered in his favor for $2,000, the amount of damages alleged and prayed for in the petition. The court refused to render judgment by default for that amount without evidence.

The cause was then continued until February 28. On February 9, the defendant, by permission of court, filed a motion to make the petition more definite and certain in a number of particulars. Afterward the plaintiff filed a motion to strike the motion from the files. These motions were heard on March 1; the motion to strike from the files was denied, and the motion to make the petition more definite and certain was granted. The plaintiff was given ten days in which to comply with the order of the court. On March 11, the plaintiff filed a written statement declining to plead further, and electing to stand on his petition. On March 27, the defendant filed a motion to dismiss the action because the plaintiff had not complied with the order of the court. That motion was heard on June 1, 1918, when the plaintiff, in open court, refused to amend his petition, and elected to stand thereon. The action was then dismissed.

The plaintiff argues that the court did not have jurisdiction to hear the motion to require that the petition be made more definite and certain; that the court erred in sustaining that motion; and that the action should not have been dismissed.

1. Did the court have jurisdiction to hear the motion to make more definite and certain?. That question is answered by section 108 of the code of civil procedure. It reads:

"The court or any judge thereof in vacation may in his discretion, and upon such terms as may be just, allow an answer or reply to be made or other act to be done after the time limited by this act, or by an order enlarge such time." (Gen. Stat. 1915, § 7000.)

The court had jurisdiction to grant leave to file the motion (*Mo. Pac. Rly. Co. v. Linson*, 39 Kan. 416, 18 Pac. 498; *Torpedo Co. v. Petroleum Co.*, 75 Kan. 530, 89 Pac. 913), and then to hear it.

2. Was it error to sustain the defendant's motion to make the petition more definite and certain? The petition alleged that the plaintiff was working for the defendant in its brick plant, wheeling tile along the sides of the defendant's kilns, where there were ditches and trenches, usually constructed so that it was impossible for a man's foot to slip into them. The petition further alleged:

"Yet the said defendant, disregarding and neglecting its duty as aforesaid, did not then and there provide and furnish suitable, safe and sufficient means of passage into and out of said kilns, but on the contrary

thereof did negligently and carelessly fail to provide and furnish suitable, safe and sufficient means of passage into and out of said kilns, whereby and by means of the unsuitable, unsafe and insufficient means of passage into and out of said kilns and on or about the 17th day of August, 1917, by reason of some of the cross-bricks being carelessly and negligently removed from the ditches or trenches aforesaid and the failure of said company to provide and furnish sufficient running boards which it did fail and neglect to provide and furnish, plaintiff in attempting to pass out of one of its kilns with a wheelbarrow load of tiles, accidentally slipped and stepped into one of the holes in one of said ditches or trenches, caused by the negligent and careless removal of some of the bricks from across one of said ditches or trenches, fell and broke his right arm by striking same against another loaded wheelbarrow standing near by in said kiln."

The defendant's motion asked, among other things, that the petition be made more definite and certain as to the place at which the plaintiff was injured. The petition was indefinite and uncertain in that respect. The defendant had a right to be informed definitely concerning that matter, in order to properly prepare its defense. Under the petition as filed, the plaintiff could prove that the accident occurred at any one of a number of places in the plant.

Section 122 of the code of civil procedure provides that—

"When the allegations of a pleading are so indefinite and uncertain that the nature of the charge or defense is not apparent, the court or judge may require them to be made definite and certain by amendment." (Gen. Stat. 1915, § 7014.)

Under another provision of the same section it has been held that the trial court may, in its discretion, order the plaintiff to amend his petition by striking out irrelevant and redundant allegations. (*Drake v. National Bank,* 33 Kan. 634, 7 Pac. 219; *Smythe v. Parsons,* 37 Kan. 79, 14 Pac. 444; *Sramek v. Sklenar,* 73 Kan. 450, 85 Pac. 566; *Harris v. Morrison,* 100 Kan. 157, 159, 163 Pac. 1062.)

If the power of the court to require an amendment of a pleading under one part of section 122 of the code is discretionary, the power to require an amendment under another part of the same section should be likewise discretionary. Such is the law in other jurisdictions. (*Cathcart v. Peck et al.,* 11 Minn. 45; *Bowers v. Schuler,* 54 Minn. 99, 104; *McDuffie v. Bentley,* 27 Neb. 380, 385; 6 Encyc. Pl. and Pr., 280.)

Powder Co. v. Bilby.

It was not error to require the plaintiff to make his petition more definite and certain as to the place at which he was injured.

3. When the motion to make the petition more definite and certain was sustained, it was the duty of the plaintiff to comply with the order of the court, or to set out a reasonable and proper excuse for not so doing. When the plaintiff filed his written statement in which he declined to plead further, and elected to stand on his petition; and when he, in open court, refused to amend, and again elected to stand on his petition, the court was justified in dismissing the action. Section 395 of the code of civil procedure in part reads:

"An action may be dismissed without prejudice to a future action:

"Fifth, by the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." (Gen. Stat. 1915, § 7299.)

In *Burdick v. Investment Co.*, 71 Kan. 121, 80 Pac. 40, this court said:

"The court sustained a motion to require these three causes of action to be separately stated and numbered, and upon the refusal of the plaintiff to comply with this order dismissed the action. *Held*, not error." (syl. ¶ 4.)

This rule has been applied where the plaintiff refused to strike out irrelevant and redundant matter in his petition. (*Drake v. National Bank*, 33 Kan. 634, 7 Pac. 219.)

The judgment is affirmed.