No. 22,293.

THE TITLE LOAN AND INVESTMENT COMPANY, *Appellant,* v.
G. R. FULLER (Revived in the name of A. B. BRANDENBURG,
as Administrator, etc.) et al., doing business as the QUINTER
GARAGE COMPANY, *Appellees.*

### SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payable on Demand—"Unreasonable Length of
Time" Before Negotiation—"Holder in Due Course."* Section 60 of
the negotiable-instruments law (Gen. Stat. 1915, § 6580), providing
that when an instrument payable on demand is negotiated an un-
reasonable length of time after issue, the holder is not deemed a holder
in due course, applied, and held that twenty months was an un-
reasonable length of time.

2. SAME—*Trial—Imposing Burden of Proof—Trial Before the Court.*
Rule applied that error in imposing the burden of proof in a trial
before the court is not ground for reversal, in the absence of a show-
ing of special prejudice.

3. SAME—*Refusal of Plaintiff to Assume Burden of Proof—Action Right-
fully Dismissed.* Where it appears from the pleadings and statements
of counsel that the plaintiff's right to recover on a promissory note
depends on a partnership accounting, and the plaintiff refuses to pro-
ceed after the burden of proof has been placed on him, the court may
rightfully dismiss the action.

Appeal from Ellsworth district court; DALLAS GROVER,
judge. Opinion filed October 11, 1919. Affirmed.

*Eugene S. Quinton,* of Topeka, *J. L. Travers,* of Osborne, and
*Samuel E. Bartlett,* of Ellsworth, for the appellant.

*Ira E. Lloyd,* and *N. F. Nourse,* both of Ellsworth, for the
appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action was one to recover on a promis-
sory note. Judgment was rendered dismissing the action, and
the plaintiff appeals.

The Quinter Garage Company, a partnership composed of
A. R. Livingston and others, gave its note to Livingston,
dated July 6, 1911, and payable on demand. The plaintiff
acquired the note in March, 1913. It was indorsed by Living-
ston. The pleadings and the trial statements disclosed that

the note grew out of partnership transactions. The defendants pleaded and stated that Livingston was indebted to the partnership in a sum largely in excess of the note. After the trial statements had been made, each side moved for judgment on the pleadings and trial statements. Both motions were denied. The court ruled that the note was nonnegotiable when it came into the hands of the plaintiff, and that the burden of the issues rested on the plaintiff to show, regardless of the note, how much, if anything, was due from the partnership to Livingston. The plaintiff then moved for judgment for the sum claimed in the petition, unless the defendants introduced evidence in their behalf. That motion was denied. The plaintiff then stated to the court it took the position that, under the pleadings, statements, and admissions, the burden of proof was on the defendants, and moved for judgment in its favor as prayed for in the petition, unless testimony were introduced on behalf of the defendants. That motion was denied. The plaintiff further stated that it stood on its motion, and the action was then dismissed.

1. Was the court in error in ruling that the note was nonnegotiable when it came into the hands of the plaintiff? In other words, was the plaintiff a holder in due course so as to cut off defenses on the part of the makers? Section 60 of the negotiable-instruments law provides that "where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course." (Gen. Stat. 1915, § 6580.) Section 4 of the negotiable-instruments law provides that "in determining what is a reasonable time or an unreasonable time, regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case." (Gen. Stat. 1915, § 6524.) In this instance the circumstances attending the giving of the note indicated that it was to run but a short time. The plaintiff acquired it from the payee twenty months after it was issued. That was an unreasonable length of time. (8 C. J. 406-409; 3 R. C. L. 1047, 1048; Crawford's Annotated Negotiable-Instruments Law, 4th ed., § 53; 1 Daniel on Negotiable Instruments, 5th ed., § 783; 8 M. A. L., 109-111.) The note could not then be acquired in due course, and was subject to the same defenses as if

it were nonnegotiable. (Neg. Inst. Law, § 65, Gen. Stat. 1915, § 6585.)

2. The principal contention is that the court erred in holding the burden of maintaining the issues was on the plaintiff. If the plaintiff had acquired the note in due course, the contention would be sustained, because no defense that could be interposed against a holder in due course was pleaded or stated. The whole defense depended on the note being overdue when it was transferred. The defense was available, and made the action one for an accounting between partners. In such an action, one in equity and triable without a jury, the burden of proof is not ordinarily a material matter. All that is really substantial is that each party be given opportunity to introduce all his evidence. Even if the court were in error in holding that the burden of proof was on the plaintiff, the judgment may not be reversed in the absence of any showing that the plaintiff was specially prejudiced, and there is no such showing. (*Bank v. Brecheisen,* 98 Kan. 193, 157 Pac. 259; *Hennig v. Gas Co.,* 100 Kan. 255, 164 Pac. 297; *In re Holloway's Estate,* 100 Kan. 368, 371, 164 Pac. 298.)

·3. The plaintiff elected to stand on its motion for judgment on the pleadings and statements of counsel, and refused to introduce evidence in its behalf. The ruling requiring the plaintiff to proceed first not being one of which the plaintiff can complain as prejudicial, the court rightfully dismissed the action. · (Civ. Code, § 395, subdiv. 5, Gen. Stat. 1915, § 7209; *Drake v. National Bank,* 33 Kan. 634, 7 Pac. 219; *Burdick v. Investment Co.,* 71 Kan. 121, 80 Pac. 40; *Anderson v. Denison Clay Co.,* 104 Kan. 766, 180 Pac. 797.)

The judgment is affirmed.