No. 32,585

T. G. HICKS, *Appellant*, v. C. T. PARKER, *Appellee*.

(57 P. 2d 413)

Opinion filed May 9, 1936.

*John W. Davis*, of Meade, and *Manvel H. Davis*, of Kansas City, Mo., for the appellant.

*G. L. Light, Auburn G. Light*, both of Liberal, and *J. S. Brollier*, of Hugoton, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal from an order of the district court sustaining a motion to strike plaintiff's amended petition from the files.

The action was brought to recover damages for obtaining by means of false and fraudulent representations a certain royalty deed, conveying to defendant a one-half interest in oil and gas and other minerals in plaintiff's land, and also a one-half interest in the oil and gas rentals accruing to plaintiff under a previous lease held by another party, the Argus Production Company.

This action was filed in January, 1934. The petition contained, in addition to the charges of fraud and misrepresentation, the following statement concerning the royalty deed here involved:

"Plaintiff further says that the $160 recited in said mineral deed was not in fact the true consideration for the execution and delivery thereof, and plaintiff hereby offers to restore said sum to defendant, upon the rescission of said deed."

On February 10, 1934, defendant leveled a motion against the petition consisting of two parts. The only portion of the motion involved here reads:

"That plaintiff be required to allege what was the true consideration for the execution and delivery of the royalty deed, and whether or not the same was in lieu of or in addition to the $160 recited in said deed."

On April 23, 1934, the motion was sustained. On June 9, 1934, defendant filed a motion to dismiss for want of prosecution. Three days later, and before that motion to dismiss was heard, plaintiff filed his amended petition, omitting entirely the allegation concerning rescission of the deed, which the court had directed to be made definite and certain. On August 11th the court denied defendant's motion to dismiss the amended petition. In denying the motion the court said:

"I have carefully considered the motion to dismiss in the above-entitled action, and am convinced that the court has ample authority to dismiss an action under the circumstances of this case, if the order to amend is upon an essential element of the suit. The order to amend in this case was a matter of small consequence, probably not even material to the issues, and for that reason the motion to dismiss should be and the same hereby is overruled. Defendant will be given ten days to plead or twenty days to answer plaintiff's amended petition."

On August 15th defendant moved to strike the amended petition from the files. It appears that notice of hearing of the motion to strike was had by leaving a copy thereof at the home of plaintiff, and that counsel for plaintiff did not learn of it until the 18th day of October. Counsel for plaintiff not appearing on the day set for the hearing of the motion, the hearing was withheld until September 1, the next regular court day in Stevens county. Counsel for plain-

tiff was not present on the opening day of the regular term and the motion to strike the amended petition was sustained. On October 22 plaintiff filed his motion to set aside the order striking the amended petition from the files. On December 11 the court sustained plaintiff's motion and set aside the order of September 1 striking the amended petition. A hearing was then immediately had upon the original motion to strike. The court sustained the motion and in so doing said:

"I am sustaining the motion on the ground that the order of the court on sustaining the motion to make more definite and certain was not complied with in the amended petition."

Upon call of the docket in January, 1935, at the regular January term, the cause was dismissed upon oral motion of defendant for want of prosecution. On June 3, 1935, plaintiff perfected his appeal from the order of December 11, 1934, striking his amended petition from the files.

On behalf of appellee it is contended the order striking the amended petition from the files is a moot question for the reason the trial court subsequently dismissed the action for want of prosecution. The order striking the amended petition from the files is a final order and appealable. (R. S. 60-3302, 60-3303.) Appellant had six months from the date of the order within which to perfect his appeal. (R. S. 60-3309.) The right of appeal was not defeated by the subsequent order made within the period allowed for appellate review.

In the case of *First National Bank v. Smith,* ante, p. 369, 55 P. 2d 420, it was held:

"A ruling sustaining a demurrer to an amended petition is a final order, and where the pleader is granted additional time within which to file a second amended petition, but does not elect to take advantage thereof, and thereafter the action is dismissed for failure to prosecute the same, *held,* plaintiff is not precluded from a review of such order, having perfected an appeal therefrom within the statutory period." (Syl. ¶ 1.)

For the same ruling, under slightly different circumstances, see *Bringle v. Gale Township,* 127 Kan. 115, 272 Pac. 126.

Appellee further contends the trial court had a right to strike the amended petition from the files by reason of appellant's failure to comply with the order of the court. The pertinent portion of R. S. 60-3105 reads:

"An action may be dismissed without prejudice to a future action: . . . *Fifth.* By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action."

In further support of appellee's contention we are referred to *Burdick v. Investment Co.*, 71 Kan. 121, 80 Pac. 40; *Anderson v. Denison Clay Co.*, 104 Kan. 766, 180 Pac. 797; *Insurance Co. v. Etchen*, 111 Kan. 545, 207 Pac. 782; *Van Deren v. Heineke & Co.*, 122 Kan. 215, 252 Pac. 459.

True, an action may be dismissed for disobedience to an order, under proper circumstances warranting such drastic action. A reading of the above cases will, however, disclose circumstances quite dissimilar to those involved here. In the Burdick case it was held it would have constituted error for the trial court not to have sustained defendant's motion. Under those circumstances failure to comply with the court's order justified the dismissal of the action. In the Anderson case a proper order was made requiring plaintiff to make his petition definite and certain. The order pertained to matters which defendant had a right to be definitely informed about in order to properly prepare its defense. In the insurance company case the order to make an answer definite and certain was highly proper. The order was acquiesced in by defendant. Repeated requests for time to comply were granted. Defendant failed to comply within the time originally allowed and within the repeated extensions. An answer was finally filed containing trivial interlineations which in no respect complied with the order, which was properly made. In the Van Deren case it was held:

"An order of the trial court requiring plaintiff to make this petition more definite and certain in some particulars is one within the sound discretion of the trial court, from which ordinarily no appeal will lie, and in the instant case no prejudicial error appears." (Syl. ¶ 3.)

The appeal in the instant case is not from the order requiring the petition to be made definite and certain but from the order striking the petition from the files for failure to comply with such order.

The question here is, Was the order striking the amended petition from the files a proper order under the circumstances in this case? Under the provisions of the code plaintiff may amend his petition, without leave, at any time before the answer is filed, without prejudice to the proceedings. (R. S. 60-756.) Appellant filed his amended petition before answer was filed and served a copy thereof on appellee. Defendant's motion to dismiss was filed June 9, 1934, and predicated upon plaintiff's failure to file the amended petition. On June 12, 1934, three days later, and after the motion to dismiss

had been served on appellant's attorney, the amended petition was filed. The court overruled that motion, and in so doing said:

"The order to amend in this case was a matter of small consequence, probably not even material to the issues, and for that reason the motion to dismiss should be and the same hereby is overruled."

Just why the trial court later changed its position as to the importance of the motion to make definite and certain, to the extent that he ordered the amended petition stricken from the files, by reason of plaintiff's failure to comply with the order to make the petition definite and certain, does not clearly appear. We are impressed with the correctness of the court's first impression and ruling on the subject. The amended petition in no way prejudiced the defense of appellee. It contained additional allegations of fraud and omitted entirely that portion of the original petition which the motion requested plaintiff to make more definite and certain. That portion of the original petition dealt with rescission of the royalty deed. The petition disclosed the royalty deed had been conveyed to a third party. It would appear appellant may have concluded that under those circumstances he was not entitled to rescission. In the amended petition the rescission feature was completely abandoned. The amended petition was grounded solely on the theory of an action for damages. It was based on fraud and misrepresentation. Just how defendant could be prejudiced by the complete abandonment of the rescission feature is not clear. On the other hand, if appellant had in fact received other and additional consideration for the deed than the $160 such fact would only reduce his total recovery. Appellee could be in no wise misled. The amount appellee had in fact paid appellant was a matter plainly within appellee's own knowledge. It would constitute an offset to any damages appellant might recover. To such extent it was a proper defense. Appellant should not have been required to plead matters in defense of his action.

In the light of all the circumstances it would appear the action striking the amended petition from the files was not proper. Of course, if appellant should insist upon unnecessary delay in the prosecution of this action, it will be subject to dismissal. The dismissal of the action entered subsequent to the order to strike the amended petition from the files, could not, however, defeat appellant's right of appeal on the order to strike. For the reasons stated the order to strike must be reversed. It is so ordered.