No. 37,757

CHARLES EDWIN MARSHALL, *Appellee,* v. J. M. MARSHALL, *Appellant.*

(211 P. 2d 428)

Opinion filed November 12, 1949.

*Howard F. McCue,* of Topeka, argued the cause, and *Roy N. McCue,* of Topeka, was with him on the briefs for the appellant.

*L. M. Ascough,* of Topeka, argued the cause, and *Harry K. Allen,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for divorce and child custody. Judgment was for the plaintiff. Defendant appeals.

The statement of some uncontroverted background will be made at the outset.

Defendant is a citizen of Australia. She and plaintiff were married at Sidney, Australia, during the war. They have one child, Leon Charles Marshall. He was born in Australia. There was an earlier divorce proceeding in the Shawnee county district court in July, 1948. Mrs. Marshall had asked for separate maintenance and Mr. Marshall had asked for a divorce. During the trial or shortly thereafter she dismissed her petition and the husband's cross petition was denied. By some proceedings, about which we cannot be clear, the custody of Leon Charles was given to plaintiff in this case, the father, and the child is now with plaintiff's parents in Wichita.

The petition in this case alleged that defendant had disregarded her marriage vows and had been guilty of adultery, habitual drunkenness and gross neglect of duty and extreme cruelty; that the plaintiff then had the custody of the minor child and defendant was not a fit person to have his custody. The prayer was for a divorce and custody of the child. To this petition defendant filed a motion for a bill of particulars pursuant to G. S. 1935, 60-1519. The court sustained this motion on November 12, 1948. In purported compliance with this order sustaining this motion, the plaintiff filed a document, as follows:

"PLAINTIFF'S BILL OF PARTICULARS"

"Comes now the plaintiff and for his Bill of Particulars, states and alleges to the court that:

"1. The defendant did not take proper care of the parties' minor child, and is not a fit and proper person to have custody thereof.

"2. Defendant is guilty of adultery and has improper relations with other men.

"3. Defendant frequents beer parlors and is under the influence of liquor at frequent intervals.

"4. Defendant has constantly refused to make a proper home for this plaintiff and plaintiff's minor child."

On January 19, the defendant filed a motion to dismiss the petition and alleged that the court had ordered the bill of particulars to be filed, attached a copy of the bill of particulars, stated that it was in no sence a compliance with G. S. 1935, 60-1519, and that defendant was entitled to an order dismissing the petition under the provisions of G. S. 1935, 60-3105, paragraph 5. This motion to dismiss the petition was denied January 19, 1949. January 19, 1949, defendant

filed her answer and cross petition. This was first a general denial, then an admission of the marriage and the birth of the child, then a specific denial that defendant was not a fit person to have custody of the child. Her prayer was that the divorce be denied the plaintiff and she be given custody of the child. In her cross petition she alleged that defendant had abandoned her November 1, 1947; that this abandonment had continued without interruption; that he was earning in excess of $250 a month; that they had no property and that she was a fit and proper person to have the custody of the child and her husband had no home and was not in a position to give the child proper care and attention. The prayer of the petition was for a divorce and custody of the child and that she be awarded the household goods.

Trial was held on the 20th of January, 1949. The journal entry discloses that the defendant requested a continuance at that time and that this was denied. On the 21st of January the court found the plaintiff was entitled to a divorce on the ground of adultery and that he was entitled to the care and custody of the minor child.

The motion for a new trial was upon some six grounds, as follows:

"1. Because of abuse of discretion of the Court.

"2. Because of erroneous rulings of the Court in limiting defendant's cross-examination of the plaintiff's witnesses and in holding legally sufficient the Bill of Particulars served by the plaintiff; and for erroneous rulings generally.

"3. Because the Court erred in admitting evidence in support of plaintiff's petition over defendant's objection that a proper Bill of Particulars had not been served.

"4. Because the Court erred in refusing to grant defendant a divorce on her cross-petition on the ground of abandonment for more than one year.

"5. Because the Court erred in refusing to award custody of the minor child of said parties to the defendant.

"6. Because the decision and judgment of the Court was contrary to the evidence."

At the hearing of the new trial an affidavit of counsel was furnished which disclosed that he was employed a few days prior to November, 1948; that he presented the motion to dissolve a restraining order as to child custody, which was denied; that defendant had not returned to counsel's office until January 17, 1949, at which time he prepared and served the motion to dismiss the petition on the ground of disobedience of the order requiring plaintiff to serve a bill of particulars. The affidavit then recited that the motion was denied on January 19, at which time the court stated the bill of particulars served was legally sufficient and the court

ordered the case set for trial the following day, January 20; that on the 19th defendant's answer and cross petition were filed; that counsel made an oral request for continuance on January 19 and at the beginning of the trial January 20.

Counsel in his affidavit stated that on account of the above facts he had been unable to make a proper investigation and present the defense of the case. This motion for a new trial was overruled. Proper notice of intention to appeal and notice of appeal were filed. The appeal was from the judgment dated the 21st of January, divorcing plaintiff from defendant, and awarding custody of the minor child to the plaintiff, the order denying defendant's motion to dismiss for failure to furnish a bill of particulars and from the orders overruling the defendant's objection to the admission of any evidence and from the order overruling defendant's motion for a new trial.

When the case came on to be heard at 9 o'clock on the 20th the defendant was not present. However, the case proceeded to trial. She was there at 9:45. There was some colloquy about the motion of plaintiff to dismiss the cross petition of defendant on the ground that the abandonment with which the cross petition charged plaintiff was *res judicata*. This motion was denied.

There was some evidence on the part of the plaintiff as to gross neglect of duty on the part of the defendant. However, the divorce was allowed on the ground of adultery and the gross neglect of duty does not seem to have been pressed during the trial.

The plaintiff introduced witnesses who testified to circumstances tending to prove defendant had committed adultery. Defendant denied any act of adultery. The trial court entered the judgment, which has heretofore been set out in this opinion.

The serious question with which we are concerned is the effect of denial by the trial court of defendant's motion to dismiss plaintiff's petition on account of the failure of plaintiff to file a bill of particulars in compliance with the court's order of November 12, 1948. As to adultery, the petition simply alleged "Defendant . . . had been guilty of adultery." The bill of particulars merely alleged "Defendant is guilty of adultery and has improper relations with other men." The divorce was granted on the ground of adultery, hence the allegation "and has improper relations with other men" may be disregarded by us. We have then a petition which alleges defendant "has been guilty of adultery," and a bill of

particulars which says "Defendant is guilty of adultery." It is clear that the bill of particulars told the defendant nothing more than the petition as to the evidence upon which plaintiff expected to rely in proving his charge of adultery. The real question then is "What was the intention of the legislature in the enactment of G. S. 1935, 60-1519?" That section is supplemental to G. S. 1935, 60-1501. That is the section which sets out the different grounds upon which a divorce may be obtained. The third ground is stated simply "Adultery." G. S. 1935, 60-1519, provides, as follows:

"That in all actions for divorce, or for alimony, or for both divorce and alimony, the petition or cross petition shall allege the causes relied upon as nearly as possible in the language of the statute (R. S. 60-1501), and without detailed statement of facts. If the opposing party desires a statement of facts relied upon the same shall be furnished to him by the petitioner or cross-petitioner in a bill of particulars. A copy of this bill of particulars shall be furnished to the court and shall constitute the specific facts upon which the action is tried. The statements therein shall be regarded as being denied by the adverse party, except as they may be admitted. The bill of particulars shall not be filed with the clerk of the district court, nor become a part of the records of such court, but if the action be appealed, and the question sought to be reviewed relate to the facts set forth in the bill of particulars, it shall be embodied in the abstract for the supreme court."

This section was enacted in 1935. (See Laws of 1935, chapter 219.) Until its enactment there had been no similar law on our statute books.

We are all familiar with the eagerness with which the lurid details of a divorce action are pursued by at least part of the public. Published in the press they do not make very uplifting reading. Every one seems to have a morbid interest in the things the members of a once happy couple say about one another. Realizing all this, the legislature sought to lessen the evil a little by providing that in a divorce action the parties need not state the details upon which they relied but should state their cause of action as nearly as possible in the words of the statute. Thus the words "guilty of adultery" might be pleaded and relied upon. That was the purpose of the first sentence of this section. It was realized, however, that pleadings are for the purpose of advising the opposing party of what charge he must be prepared to meet. Hence the next provision "If the opposing party desires a statement of facts relied upon the same shall be furnished to him by the petitioner or cross petitioner in a bill of particulars." What did the legislature intend by the words "facts relied upon"? Clearly it meant more than the bare allegations in the

language of the statute, such as we have in this case. The facts relied on must be a concise statement of what the party expects to prove to sustain his charge of adultery. Otherwise the provision of the statute just quoted would be meaningless. Of all the eleven grounds for divorce in this state, adultery is the one where the defendant should be most clearly advised as to what the plaintiff expects to be able to prove. It is a charge that in its effect on the party charged reaches far beyond the mere severance of the marital relationship. Many parties resist this charge even when they are satisfied to have the marriage bonds dissolved.

This is accentuated by the fact that adultery may be proved by presumptive evidence. The evidence need not show an admission of or an eyewitness to the actual carnal act. (See *Burke v. Burke*, 44 Kan. 307, 24 Pac. 466.) Hence the party charged with adultery should if he or she requests it be advised of the circumstances upon which the other party relies, the incidents, the place, the person, the time. All these are important so that she may be able to explain suspicious or damaging evidence.

In this connection attention is called to the provisions in the statute, that the facts disclosed in the bill of particulars shall be the specific facts upon which the action is tried; that they shall be regarded as denied unless specifically admitted and to the significant provision that the bill shall not be filed with the clerk or become part of the records of the court but if the action is appealed and the appeal relates to the facts set out in the bill of particulars it shall be embodied in the abstract.

Clearly the legislature intended that the facts contained in the bill of particulars should be more in detail than in the petition and there might very probably be facts alleged which it would not be necesary or proper for the public to have access to. Examination of this bill of particulars discloses that it contained no facts at all that were not contained in the petition. The conclusion is inescapable that it was the same as though no bill of particulars at all had been filed.

This takes us to a consideration of the question "What was the effect of not complying with the court's order in this respect?" In due time the defendant asked that the petition be dismissed on account of this failure of the plaintiff. He did this pursant to G. S. 1935, 60-3105. That section has to do with reasons for the dismissal of action. It provides, in part, as follows:

"An action may be dismissed without prejudice to a future action; . . . Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action."

The court had ordered the plaintiff here to furnish a bill of particulars. We have demonstrated that he filed a paper which in no sense was a compliance of that statute—hence he disobeyed the order of the court.

The request for a bill of particulars in a divorce case is somewhat analogous to a motion to make more definite and certain in an ordinary case. In *Anderson v. Denison Clay Co.,* 104 Kan. 766, 180 Pac. 797, the plaintiff refused to comply with an order directing him to make his petition more definite and certain. The trial court dismissed the action. Pursuant to the statute we are discussing we held:

"If a proper order to make a petition more definite and certain is not complied with the action may be dismissed." (Syl. ¶ 3.)

(See, also, *Burdick v. Investment Co.,* 71 Kan. 121, 80 Pac. 40.) That was an order to require the plaintiff to separately state and number three causes of action. He refused to comply with the order and the court dismissed the action. We held:

"The court sustained a motion to require these three causes of action to be separately stated and numbered, and upon the refusal of the plainitff to comply with this order dismissed the action. Held, not error." (Syl. ¶ 4.)

(See, also, *Drake v. National Bank,* 33 Kan. 634, 7 Pac. 219; also *Investment Co. v. Fuller,* 105 Kan. 395, 184 Pac. 727.)

Plaintiff cites and relies on what we said in *Hicks v. Parker,* 143 Kan. 763, 57 P. 2d 413. He argues that opinion overruled the cases that have just been referred to in this opinion. The opinion does not go that far. It merely holds that the rule announced in those cases did not require a dismissal in that case on account of the peculiar facts in that case. It would add nothing to this opinion to set out the facts in the case of *Hicks v. Parker,* supra. Moreover, there was no outright disobedience of an order as essential to the preparation of the defense as was the order in this case.

G. S. 1935, 60-1519, was considered in *Stegmeir v. Stegmeir,* 158 Kan. 511, 140 P. 2d 755. There the court had ordered bills of particulars furnished; the parties had not complied and the original answers and cross petition had been ordered stricken from the files. Later amended bills of particulars were filed. On appeal the appellant argued that it was error for the court to strike the original

pleadings from the files. We held that this was of no importance since amended pleadings had been filed. However, it is worthy of note that we quoted from the Judicial Council Bulletin, Part 1, Ninth Annual Report, April, 1935, at page 5, where the Judicial Council said:

"Early in our work we recognized the advisability in an action for divorce or for alimony that a statute should require the cause of action to be stated in the language of the statute only. We mentioned this in our 1928 report, page 14, and a draft of the bill was set out in our 1929 report, page 23. It has been presented to each regular session of the legislature since that time. On two occasions it passed the house of representatives but failed to receive final favorable action in the senate. Its purpose is to avoid having scandalous matter relating to a party to the action appear upon the permanent record or in the files of the court, unless that should be actually necessary. This is especially important when there are minor children of the marriage. Sometimes such charges were made or threatened when there was little or no foundation for them, with a purpose of forcing a settlement or compromise. This provokes notoriety, to the shame or disgrace of one or both of the parties to the action, or to their children. It is seldom necessary to make such charges even if good grounds for them exist. This year the bill was introduced by the house judiciary committee, H. B. No. 97, and passed both houses without difficulty. It becomes effective when published in the statute book."

We then stated:

"It will thus be seen that in the case at bar the trial court quite properly ordered stricken whatever pleadings filed by either party did not conform to the intent and purpose of the statute governing pleadings in divorce cases."

This statute was again considered in *Irwin v. Irwin*, 162 Kan. 185, 174 P. 2d 1021. There a bill of particulars had been furnished pursuant to an order of the court. The defendant demurred to it and the demurrer was overruled. On appeal he argued this was error. We said the bill was good against a demurrer. However, in that bill of particulars many details were furnished. It was not a case where there were no details at all as in this one.

Thus, it appears that while we have not up to the present time passed on the question before us we have uniformly taken the position that the purpose of G. S. 1935, 60-1519, was, as has been heretofore stated. That purpose would not be served by failure of the party to set out the specific facts upon which he relied. The statute was not intended to relieve persons from stating the grounds upon which they relied. It was only intended to save parties from having scandalous matter alleged against them unless they made it necessary.

Plaintiff argues that it is discretionary with the trial court whether

a petition should be dismissed pursuant to G. S. 1935, 60-3105. In this connection it should be observed that defendant objected to the introduction of any evidence as to acts of adultery because no real bill of particulars had been filed. These objections were overruled. They should have been sustained. Actually the evidence introduced as to adultery was not competent. Apparently the trial court deemed the bill sufficient. We have demonstrated that it was not.

The judgment of the trial court is reversed with directions to dismiss the petition without prejudice.