No. 38,215

Patricia Ann Kaminski, by and through her father and next friend, Julius Kaminski, *Appellee,* v. Kansas City Public Service Company, a corporation, and W. R. Snoderly, *Appellants.*

(229 P. 2d 759)

Opinion filed April 7, 1951.

*J. O. Emerson,* of Kansas City, argued the cause and *Edward M. Boddington, Edward M. Boddington, Jr.,* both of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., were with him on the briefs for the appellants.

*Thomas H. Finigan,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

Smith, J.: This is an action to recover damages alleged to have been sustained by plaintiff when a bicycle upon which she was riding was struck by a bus driven by a driver for The Kansas City Public Service Company. Both the driver and the company were named defendants. After their motion to require the plaintiff to make her petition more definite and certain had been overruled defendants demurred to plaintiff's petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. Defendants have appealed.

After describing the parties, the petition alleged that plaintiff was riding her bicycle south on the street about four to six feet east of the curbing on the west side of the street and defendants' bus was being driven south on the same street in the rear of plaintiff; that as plaintiff went into an intersection there was a collision between the bus and the bicycle and plaintiff was injured. The negligence of defendants was dangerous speed, no control, failure to turn to right or left, frightening plaintiff by the size, noise and proximity of the bus, and failure of the driver to sound his horn, and attempting to pass plaintiff and her bicycle at an unsafe distance, considering all the circumstances. These allegations were stated in some nine different paragraphs but the above is a general summarization.

To this petition, defendants filed a motion asking that plaintiff be directed to make it more definite and certain in twenty-five or thirty different particulars. Just about every sentence of the petition was attacked. This motion was overruled. Following the ruling on this motion defendants' demurrer to the petition was overruled—hence this appeal.

Defendants rely on the rule that where a petition is vague and indefinite and defendants' motion to require it to be made definite and certain is overruled, the petition will be strictly construed. (See *State Highway Comm. v. American Mut. Liability Ins. Co.,* 146 Kan. 187, 70 P. 2d 20.) Stated in another way, when the defendant asks for allegations as to matters upon which he has a

right to be informed and the information is denied him, then the petition is demurrable. (See *Anderson v. Denison Clay Co.,* 104 Kan. 766, 180 Pac. 797.)

Defendants argue that under the allegations of this petition plaintiff could claim that the collision happened by her falling into the side of the bus or going in front of it or getting hit after she got across in front of it.

There is no brief here on behalf of the plaintiff.

The situation described by the petition is one where the plaintiff was riding a bicycle down the street and in some manner or another there was a collision.

The defendants' motion asked that the plaintiff be required to state many details. Some of these were matters of evidence and the plaintiff should not be required to plead them.

Running all through defendants' motion, however, was a request that plaintiff be required to state "whether the bus followed the girl to the time of the collision in the same path in which she was traveling, or whether the girl turned to the left from her route of travel, either in front of the bus or against the side of the bus" and "to state what her position of danger was by stating whether or not the collision took place in the front end of the bus or on the side of the bus" and "to state whether the girl just before the collision turned to the left from the path she had been traveling either in front of the bus or into the side of the bus, because the petition is vague and indefinite in those respects."

We hold that the defendants had a right to be informed as to the above details in order properly to prepare their defense. Under the amended petition as drawn the plaintiff could prove the collision happened in a number of ways.

The judgment of the trial court is reversed· with directions to sustain the motion of defendants to require the plaintiff to make her petition more definite and certain in the two particulars stated in this opinion and to permit plaintiff to file a second amended petition in accordance with the views expressed in this opinion.

WERTZ, J., dissents from paragraph 2 of the syllabus and corresponding part of opinion.