HAHN v. HEATH.

(October 9, 1900.)

1. *Plea in Bar—Appeal—Exception.*

Appeal lies immediately from overruling plea in bar or also after final judgment.

2. *Chattel Mortgage—Crops.*

Mortgage on crop of year next following the execution of the mortgage is valid.

CIVIL ACTION by M. Hahn & Co., against J. H. Heath and others, heard by Judge *O. H. Allen,* at May Term, 1900, of CRAVEN Superior Court. From judgment for plaintiff, the defendants appealed.

*Simmons, Pou & Ward,* for plaintiff.
*W. D. McIver,* for defendant.

CLARK, J. The plea in bar being overruled, the defendant noted his exception, and from the final judgment upon the referee's report he appealed. That exception being the only one presented, the plaintiff moves to dismiss the appeal upon

the ground that it was waived by not appealing at the time. But the noting the exception in the record shows that it was not waived.   It is true that, upon overruling the plea in bar, the defendant might have appealed at once.   *Smith v. Goldsboro,* 121 N. C., 350, and cases there cited.   This, however, is a privilege, and the defendant does not waive his right by not prosecuting his appeal at that juncture, provided he preserves his right to have the action of the Court reviewed by having his exception noted in the record.   *Austin v. Stewart,* 126 N. C., 525, 527.   Indeed, if an appeal had then been taken, but not prosecuted, it would be treated as an exception, and the matter of appeal reviewed upon appeal from the final judgment.   *Alexander v. Alexander,* 120 N. C., 472; *Luttrell v. Martin,* 112 N. C., 593.

But, while the motion to dismiss must be denied, we find no merit in the exception to overruling the plea in bar.   The mortgage was excuted on the 23rd of November, 1896, upon "all the crops of cotton, corn, and other products to be raised" on certain farms, sufficiently described, to secure a note falling due on the 15th of October, 1897.   There can be no uncertainty in this which would vitiate the mortgage; for this language calls for the crops to be raised thereafter, not those already matured.   Wheat might be sown that Fall, but it would not be raised till the following year, and cotton and corn are planted in the Spring.   Therefore the crop to be harvested in 1897 is clearly intended.   The reasoning in *Taylor v. Hodges,* 105 N. C., 344, is exactly in point, and is not varied by the fact that there the mortgage on the crop was executed in April to secure a note falling due in October.

Nor is this mortgage void, under *Loftin v. Hines,* 107 N. C., 360.   It is there held that a mortgage on the crop other than of the year current is invalid, but

the context shows that by this is meant "the crop next following the conveyance" (*Wooten v. Hill,* 98 N. C., 52), which case and language are cited in *Loftin v. Hines* as the authority upon which it rests. If it be contended that the mortgage here extended to the crops of all future years because no year is mentioned, then *Loflin v. Hines* is, indeed, authority for the plaintiff, since it holds that, even though future years are expressly named, the mortgage, while invalid as to them, is good as to "the crop next following the mortgage."

Affirmed.