## Klugh, Appellant, *v.* Pennsylvania Railroad Company.

*Appeals—Costs—Taxation of costs—Quashing appeal.*

Where the court of common pleas makes an order directing a retaxation of costs by the prothonotary, no appeal will lie to the Superior Court until such retaxation has been made. Such an order of the common pleas is not a final decree from which an appeal will lie.

Argued Nov. 14, 1905. Appeal, No. 149, Oct. T., 1905, by plaintiff, from order of C. P. Lancaster Co., Dec. T., 1902, No. 1, sustaining exceptions to taxation of costs in case of William F. Klugh v. Pennsylvania Railroad Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Exceptions to taxation of costs.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*C. E. Montgomery,* for appellant.

*H. M. North* and *H. M. North, Jr.,* for appellee.—The appeal is premature and should be quashed: Richardson v. Cassilly, 5 Watts, 449; Raisley v. Morgan, 1 Lack. L. N. 395; McCauley's App., 86 Pa. 187; Miskey's App., 18 W. N. C. 100; Orbison's App., 22 W. N. C. 116.

PER CURIAM, December 10, 1905:

The record shows that the case was settled, defendant to pay costs ; that pursuant to rule upon the defendant the costs were taxed by the prothonotary, the counsel for both parties being present at the taxation ; that the defendant appealed to the common pleas from the prothonotary's taxation, and filed specifications of the items objected to, some of which exceptions raised questions of fact; that after hearing, the court filed the following opinion and order: " In accordance with the views expressed in the case of Jacob Beach v. The Pennsylvania Railroad, the costs of subpœnaing witnesses as taxed in this bill must be reduced. The amount to be allowed is fifteen cents for service of subpœna on each witness and six cents a mile circular for each mile traveled in serving the same. The appeal is sustained, and the prothonotary will retax the bill in accordance with this opinion." The plaintiff excepted to the order, and thereupon appealed to this court before the retaxation directed by the court had been made. It will be noticed that the court, neither in its opinion nor its order, makes any reference to the exceptions raising questions of fact as to the attendance of witnesses and the like, and it is only by very uncertain inference that it may be supposed that these exceptions were intended to be overruled. We deem it important to call attention to this state of the record in view of the argument of appellant's counsel as to the finality of the order appealed from. It is due to the court to say that the order was made before our decision in Kottcamp v. York County, 28 Pa. Superior Ct. 96, had been reported.

We had occasion in the recent case of Hartley v. Weideman, 28 Pa. Superior Ct. 50, to consider the question of the right of appeal from a taxation of costs by the court of common pleas, and to review the authorities bearing upon the subject.

We there held, following many earlier decisions, that an appeal does not lie unless the record proper, or perhaps the adjudication, shows error of law. It is claimed by the appellant's counsel that this is such a case, and that upon the authority of Hartley v. Weideman we would have jurisdiction upon an appeal taken in due season to review the court's conclusion upon the question as to the legal fee for serving subpœnas. Even if this be so, the objection remains that the order made by the court did not terminate the proceedings; there has been no final taxation of the costs. In general, there being no statute allowing it, no appeal can be taken from an order or decree which is not a final disposition of the matter in controversy. We are all of opinion that this case is within the general rule, and that the appeal must be quashed for the reason, if for no other, that it was prematurely taken.

The appeal is quashed at the appellant's cost.