## GEORGE W. WHITE V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

### No. 14,791. (88 Pac. 54.)

#### SYLLABUS BY THE COURT.

1. DEMURRER—*Evidence—Appealable Order.* A ruling sustaining a demurrer to evidence is an appealable order; that is, one which may be reviewed by independent proceedings in error begun immediately, without waiting for a final judgment to be rendered.

2. —— *Case-made—Extension of Time—Motion for a New Trial.* Where a demurrer to evidence is sustained a motion for a new trial is neither necessary nor proper, and the fact that such a motion is filed will not enlarge the time within which a case may be made upon which to review the ruling on the demurrer.

3. PRACTICE, SUPREME COURT — *Review of Final Judgment — Prior Appealable Order — Limitation.* In a proceeding in error brought to procure the reversal of a final judgment the supreme court may examine and pass upon the correctness of a prior ruling which is itself an appealable order, provided it was made within a year preceding the filing of the petition in error, and such ruling may be preserved for review in this manner by a case-made served within ten days after the rendition of such final judgment, or within an extension of time granted during that period.

4. FINAL JUDGMENT—*Entry.* Where a demurrer to a plaintiff's evidence is sustained, and thereafter a judgment is rendered in favor of the defendant for the costs of the action, in the absence of some special reason to the contrary this will be deemed a final judgment, although the entry neither refers to the defendant's going hence without day or to the plaintiff's taking nothing by his action nor contains any equivalent expression.

5. RAILROADS—*Obstruction of Watercourse by a Bridge.* The evidence examined and held to require the overruling of a demurrer.

Error from Lyon district court; FREDERICK A. MECKEL, judge. Opinion filed December 8, 1906. Reversed.

*Hamer & Harris,* and *Kellogg & Madden,* for plaintiff in error.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: George W. White brought an action against the Atchison, Topeka & Santa Fe Railway Company for damages occasioned by the obstruction of the channel of the Neosho river by one of that company's bridges, and to enjoin the maintenance of the bridge in its present form. A demurrer to the plaintiff's evidence was sustained May 19, 1905. A motion for a new trial was at once filed, which was denied August 30, 1905, when a judgment was rendered against the plaintiff for costs, and time was given to make a case. Within the time fixed a case-made was settled, and a petition in error was filed in this court January 22, 1906.

A preliminary question arises upon a motion to dismiss. The defendant in error contends that the order sustaining the demurrer to the evidence was one capable of being independently reviewed by a proceeding in error that could be begun at once—in other words, that it was an "appealable order"; that no motion for a new trial was necessary or proper, and that the filing of one did not have the effect to extend the time for serving a case; that with the expiration of ten days from the time the ruling was made jurisdiction to make a case that should preserve such ruling for review was lost and could in no way be restored; and therefore that the case-made here presented is a nullity.

The enumeration of appealable orders in the statute (Code, § 542; Gen. Stat. 1901, § 5019) includes: the sustaining or overruling of a demurrer, without limiting the application of the word to demurrers to pleadings; a final order, which is so defined (Code, § 543;

Gen. Stat. 1901, § 5027) as to include "an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment"; and "an order that involves the merits of an action or some part thereof." There is no occasion to determine whether a ruling sustaining a demurrer to the evidence falls within more than one of these classes. It is enough to say that it is included within some one of them, and that it is an appealable order. This necessarily follows from what was said of its nature in *Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299. It also follows from what was there said that a motion for a new trial has no function to perform after such a decision and cannot enlarge the time within which a case may be made for its review.

The question for present determination therefore narrows down to this: Where a demurrer to evidence is sustained must the party against whom such ruling is made, in order to procure a review of it by means of a case-made, within ten days from that time either serve a case or procure an extension of time for doing so, or may he wait until a final judgment is rendered against him and then by means of a case served within ten days from that date institute proceedings in error for the reversal of the judgment and therein have this court pass upon the question whether the sustaining of the demurrer was erroneous? It is a familiar rule of appellate practice that "interlocutory orders are reviewable, in the absence of a permissive statute, only on appeal from the final judgment that is rendered in the cause." (2 Cyc. 586.) This implies that errors assigned with regard to such rulings may be examined on review of the final judgment, unless forbidden by statute.

"While, as a general rule, interlocutory orders and judgments cannot be directly appealed from, yet it is equally well settled that an appeal from a final judgment or decree brings up for review every interlocutory decision which has been properly excepted to and which

substantially affects the merits of the case." (2 Encyc. Pl. & Pr. 90.)

Does our code, in authorizing the independent review of certain interlocutory decisions, limit the party aggrieved to that method, or may he wait until final judgment and in attacking that have all prior rulings examined? Section 542 reads, in part:

"The supreme court may reverse, vacate and modify a judgment of a district court or other court of record, except a probate court for errors appearing on the record; and in the reversal of such judgment or order may reverse, vacate or modify any intermediate order involving the merits of the action, or any portion thereof." (Gen. Stat. 1901, § 5019.)

Of a similar provision it was said in *Brown v. Willoughby,* 5 Colo. 1:

"An 'intermediate order,' within the meaning of this section, is an order from which no appeal can be taken under the code, and which, therefore, but for this provision, could not be reviewed. It applies exclusively to non-appealable orders." (Page 8.)

And in *McCourtney v. Fortune,* 42 Cal. 387:

"Upon an appeal from a final judgment an order made in the cause which is itself, by statute, made the subject of a distinct appeal, cannot be reviewed." (Page 390.)

The same view is taken in *Maynard v. Johnson,* 2 Nev. 16. These cases, however, were decided without full discussion, and may have been influenced to some extent by other provisions of the statute not precisely like those of our code. On the other hand, in the following cases, in construing substantially similar statutes, it was held that the party against whom an appealable order is made during the progress of litigation has the option to institute proceedings in error at once, or to wait until final judgment, and, in an attack upon that, question the correctness of the preliminary ruling: *Jones v. The Chicago and Northwestern R. R. Co.,* 36 Iowa, 68, 72; *Lafferty v. Shinn,* 38

Ohio St. 46; *Hahn v. Heath,* 127 N. C. 27, 37 S. E. 63; *Granger v. Roll et al.,* 6 S. Dak. 611, 62 N. W. 970; *Hackett and another v. Carter,* 38 Wis. 394; *Carroll v. Byers,* 4 Ariz. 158, 36 Pac. 499; *Buchanan et al. v. The Berkshire Life Insurance Company et al.,* 96 Ind. 510; *Seeds Dry-Plate Co. v. Heyn Photo-Supply Co.,* 57 Neb. 214, 77 N. W. 660. Most of these cases turned upon the statute of limitations applicable to proceedings in error and adopted the view that upon an appeal taken within the period fixed by law after final judgment the appellate court may review rulings which would originally have supported an independent appeal, even although such method of attack had been barred by lapse of time. Upon this phase of the matter this court is committed to the proposition that whenever a year elapses after the making of an intermediate appealable order without a petition in error being filed the right is lost to review such order, either by a separate proceeding directed against that very ruling or in the course of an effort to procure the reversal of the final judgment. (*Blackwood v. Shaffer,* 44 Kan. 273, 24 Pac. 423; *Corum v. Hubbard,* 69 Kan. 608, 77 Pac. 530; *Milling Co. v. Buoy,* 71 Kan. 293, 80 Pac. 591.) In other respects we prefer to follow the rule that seems to have the support of the majority of the courts that have passed upon the question, and to hold that upon proceedings in error brought to reverse a final judgment this court may inquire into the correctness of a prior ruling which would have supported an independent appeal, provided the petition in error is filed within one year from the time of the making of such ruling. This is the exact position taken by the court of last resort of West Virginia, as is shown by this extract from the opinion in *Stout v. Philippi M. & M. Co.,* 41 W. Va. 339, 23 S. E. 571, 56 Am. St. Rep. 843:

"An appeal taken in time from a decree will bring up for review every former order or decree not itself appealable, no matter when entered, and every appealable order or decree entered not more than two years

before the appeal; but it will not bring up for review any appealable order or decree entered more than two years before the appeal." (Page 343.)

This conclusion accords with the expressions used in *Blackwood v. Shaffer, supra,* and in *U. P. Rly. Co. v. Estes,* 37 Kan. 229, 15 Pac. 157, and *Goodrich v. Comm'rs of Atchison Co.,* 47 Kan. 355, 27 Pac. 1006, 18 L. R. A. 113, bearing more or less directly on the matter. It is worthy of remark that the words "any intermediate order involving the merits of the action, or any portion thereof," occurring in that portion of section 542 already quoted, cannot be treated as the equivalent of substantially the same phrase ("an order that involves the merits of an action or some part thereof") when used later in the section to describe a class of appealable orders, for it could not have been the purpose of the legislature to confine the court upon an appeal from a final judgment to the consideration of one of the three classes of appealable orders and to cut off a review of non-appealable orders entirely. We must regard them as intended to be understood in a broad sense, covering all decisions materially affecting the final determination of the cause, whether in themselves appealable or otherwise, and we conclude that a case-made, served within ten days after the final judgment, preserves for review all rulings of that character.

In what has been said we have assumed that the judgment rendered in this action was a final judgment. A doubt of the correctness of this assumption arises from the fact that in form it is a mere judgment in favor of the defendant and against the plaintiff for the costs of the action. Decisions and text statements are abundant which assert that such a judgment is not final and will not support an appeal or evidence an adjudication; that to be final a judgment against a plaintiff must formally declare that he shall take nothing by his action or that the defendant go thereof without day, or employ some equivalent expression.

(See I Black, Judg., 2d ed., § 31; I Freeman, Judg., 4th ed., § 16; I Van Fleet's Former Adjud. § 29; 2 Cent. Dig. cc. 1131, 1132.) Two illustrative recent cases are *The People v. Severson,* 113 Ill. App. 496, and *Hall v. Patterson et al.,* 45 Fla. —, 33 South. 982. To apply such a rule in the present case would be to exalt shadow over substance. Want of technical form is not fatal to a judgment. (11 Encyc. Pl. & Pr. 926.) Entries substantially like that here involved have been held sufficient. (See *Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *H. D. Huntington v. J. W. Blakeney,* I Wash. Ter. 111; *Marsh v. Snyder,* 14 Neb. 8, 14 N. W. 804; *Flanagan v. Hutchinson,* 47 Mo. 237.) Of course, a judgment for costs is not necessarily a final judgment. But when a decision is made which if adhered to compels the determination of a controversy in favor of the defendant, and then he is given a judgment for the costs of the action, in the absence of anything to indicate the contrary this may and should be regarded as a final judgment against the plaintiff, although nothing is said about the one party going hence or the other taking nothing by his action. These expressions are but conventional formulas; they are without effect save as a badge of finality; where without them finality sufficiently appears they serve no purpose. We doubt whether in practice in this state they are not omitted as often as they are employed. In the present instance the case-made recites that it contains the final judgment, but even without this recital we should find no difficulty in so construing the record. The motion to dismiss is therefore denied.

Upon the merits little need be said, although the question presented is not easy of determination. It is not necessary to review the testimony in detail. The action was an outgrowth of the extraordinary floods of 1902, 1903 and 1904. If the cause had been submitted for a final decision upon the evidence introduced, a finding against the plaintiff upon the ground that the

McCallion v. Railway Co.

injury he suffered was not occasioned or appreciably increased by the presence of the defendant's bridge, but was due solely and entirely to the great rainfall in that watershed, would have seemed natural and proper. But we are unable to say that, considered in its most favorable aspect, with all contradictions resolved in favor of the plaintiff and with all reasonable in-ferences made in his behalf, the evidence compelled such a finding. We are therefore of the opinion that the demurrer should not have been sustained.

The judgment is reversed and the cause remanded for further proceedings.

All the Justices concurring.