No. 21,186.

C. C. SHEAHAN et al., *Appellants*, v. THE CITY OF KANSAS CITY, *Appellee*.

SYLLABUS BY THE COURT.

1. APPEAL—*Demurrer to Evidence Sustained—Time in Which to Appeal.* To review a ruling of the court sustaining a demurrer to plaintiff's evidence and giving judgment for the defendant it is necessary that the appeal be taken within six months after the ruling is made, and the filing of a motion for a new trial does not operate to extend the time for such appeal.

2. NEW TRIAL—*Newly Discovered Evidence—Cumulative.* A party is not entitled to a new trial on the ground of newly discovered evidence, where the new evidence is of the same kind and goes to the same point as that offered on the trial.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed January 12, 1918. Affirmed.

*J. K. Cubbison*, and *William G. Holt*, both of Kansas City, for the appellants.

*H. J. Smith, Lee Judy*, and *Thomas M. Van Cleave*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by C. C. Sheahan and his wife, Mary Sheahan, against Kansas City to recover for the death of a daughter. It appears that she was drowned in a pool of a creek bed just east of a bridge in a public street which extended across the creek. The city had used girders to tie the abutments of the bridge together, and it is claimed these operated as a dam, resulting in the formation of the pool. This, it is alleged, constituted an attractive nuisance; that children frequently played there; and that the daughter of plaintiffs was attracted to it, and while playing there lost her footing and was drowned. After the plaintiffs had offered their evidence a demurrer thereto was sustained and, no request being made to open the case for additional evidence, the court on March 30, 1916, gave judgment for the defendant. On the fol-

lowing day a motion for a new trial was made upon the ground, among others, of newly discovered evidence. This motion was not decided until September 16, 1916, when it was overruled. This appeal was taken on December 14, 1916, considerably more than six months after the ruling on the demurrer and the rendition of judgment.

Defendant contends that the appeal was taken too late to obtain a review of the decision sustaining the demurrer to the evidence. It has been determined that a demurrer to the evidence raises nothing but a question of law. (*Wagner v. Railway Co.*, 73 Kan. 283, 85 Pac. 299.) To review such a ruling "a motion for a new trial is neither necessary nor proper, and the fact that such a motion is filed will not enlarge the time within which a case may be made upon which to review the ruling on the demurrer." (*White v. Railway Co.*, 74 Kan. 778, syl. ¶ 2, 88 Pac. 54; see, also, *Van Tuyl v. Morrow*, 77 Kan. 849, 92 Pac. 303; *Bowen v. Wilson*, 93 Kan. 351, 144 Pac. 251.) The error assigned on the ruling sustaining the demurrer to the evidence is therefore not open to review, as the appeal was not perfected within six months after the ruling was made.

The overruling of the motion for a new trial occurred within the time limited for an appeal, and it may be considered. Only one ground is relied upon—that of newly discovered evidence to be given by a witness named Corlew. The proposed new evidence goes no further than to state the location of the pool; that the children were attracted to and frequently played near it; that the body of Katherine, the child drowned, was taken out of the pool within the limits of the street; and that he had heard Katherine say to another: "Let's go down and play on the dam under the bridge," and shortly afterwards he was told that the girl had fallen into the water. There was much testimony given at the trial as to the location of the pool, as to the place where Katherine fell into the water and was drowned; and also that children were attracted to the place and frequently played there. Testimony of the girl who was playing with Katherine at the time of the accident was received, and also of a witness who took Katherine's body from the pool. He gave the details as to the conditions at the place of the drowning, the finding and recovery of the body, and mentioned the fact that Corlew, the proposed witness, was present when the body

was recovered. It is clear that the proposed evidence, if new, is of the same kind and goes to the same point as that adduced at the trial, and adds very little to its strength. It is purely cumulative in character, and that kind of testimony is not a sufficient ground upon which to base a ruling granting a new trial. (*Clark v. Norman*, 24 Kan. 515; *Baughman, Sheriff, v. Penn*, 33 Kan. 504, 6 Pac. 890; *Brown v. Wheeler*, 62 Kan. 676, 64 Pac. 594.)

It follows, therefore, that the judgment of the district court must be affirmed.