No. 28,977.

Maggie Greiner, *Appellant*, v. Albert Greiner, *Appellee*.

(286 Pac. 219.)

Opinion filed April 5, 1930.

C. A. Walsh, Jr., of Concordia, for the appellant.
R. L. Hamilton, of Beloit, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Maggie Greiner brought this action against Albert Greiner, her son, upon two causes of action, one upon a promissory note for $766 executed by Albert Greiner, and the other upon an account for $142.50. The indebtedness upon the account was conceded to be due by defendant, and controversy on that cause is ended. The action upon the note was defended by Albert Greiner on the ground that he had paid it by services performed by him for his mother in accordance with a verbal contract with her. The

defendant prevailed in the action upon the note, and plaintiff appeals.

Defendant admitted the execution of the note and assumed the burden of the proof upon the question that it had been discharged by services rendered to plaintiff at her request, and her agreement to cancel the obligation. When defendant's testimony was concluded plaintiff filed a demurrer thereto, which was overruled. At the close of all the testimony the case was submitted to the jury with instructions, and upon the evidence and instructions of the court the jury found in favor of the defendant.

One complaint is that the court erred in overruling plaintiff's demurrer to defendant's evidence. This ruling was an appealable order, but it was not brought here within the six-months' period and therefore the right to obtain a review of that ruling is lost. (*White v. Railway Co.*, 74 Kan. 778, 88 Pac. 54; *Norman v. Railway Co.*, 101 Kan. 678, 168 Pac. 830.)

Plaintiff assigns as error that the evidence is insufficient to sustain the findings and verdict of the jury, and therefore is entitled to a review of the evidence as it stood when the case was submitted to the jury. It is essentially a fact case, whether the note had been discharged by service rendered to plaintiff by defendant, in accordance with the alleged agreement. The note, it appears, was acquired by plaintiff in the way of an inheritance from a deceased son whose estate she administered. The defendant, it appears, had remained upon the farm with his mother for many years and there is testimony to the effect that he attended to business for her besides working on the farm and that she agreed to give the note back to defendant for the services rendered and to be rendered. Testimony was given that defendant had worked for her before she acquired the note, and also after she gained possession of it. He helped her by working on the farm, taking care of stock, doing chores and doing business for her in town. In the administration of the estate a witness testified that plaintiff did not want to list the note as an asset, as she said she was going to give it to defendant, but that she was advised that as the note was an asset of the estate it would have to be listed. Afterwards, that she stated she had forgotten to give the defendant back the note, but that when she went to town she would get it and give it to him. He replied that there was no use to bring it home, it was just as well to destroy it. Another witness testified that plaintiff had said she had given the note back to

defendant, and further that defendant had transacted nearly all of his mother's business.

The evidence in behalf of defendant, although contradicted, tends to show that there was an agreement that the services rendered and to be rendered were to operate as a discharge of the indebtedness. That testimony with all the inferences fairly and reasonably to be deduced from them, was enough to carry the case to the jury, and the credibility of witnesses as well as the weight and effect of the evidence are, of course, matters for the determination of a jury.

Plaintiff calls attention to an answer of defendant on cross-examination in reply to the question, if he ever made any charge for these little services, like taking her around in the car when she helped pay for it or getting groceries for which she paid, that he never made any charges and did not intend to. It is the law that recovery cannot be had for services gratuitously performed as an act of filial kindness. (*Stadel v. Stadel*, 40 Kan. 646, 20 Pac. 475.) Defendant's statement, however, is open to the interpretation, he was speaking of the *little services* rendered during the early years of the period he was at home with his mother, prior to the time of the agreement and before she acquired the note. The jury, in answer to a special question as to whether defendant performed services after the note was given for which plaintiff was to pay him by a return of the note, found that he did perform the services, and in response to another question as to what such services were, found that they were performed as her general business manager from November 17, 1926, to November 27, 1927. Evidently services were performed by defendant after the plaintiff acquired the note and after the negotiations between the parties as to the payment and cancellation of the note.

Our conclusion is that there was evidence to support the findings and verdict and that it cannot be said that they were given under the influence of passion and prejudice.

Something is said about the instructions of the court and also of the disregard of them by the jury. Not all of the instructions are preserved in the record, nor is all of the evidence included in the record, and we cannot say that there was fault in the instructions or disregard of them, nor that the evidence did not justify those given. (*Commissioners of Allen Co. v. Boyd*, 31 Kan. 765, 3 Pac. 523; *Gray v. City of Emporia*, 43 Kan. 704, 23 Pac. 944; *Woodford v. Light Co.*, 77 Kan. 836, 92 Pac. 1133.)

Finding no material error in the record, the judgment is affirmed.