No. 31,551

THE EL DORADO REFINING COMPANY, *Appellee*, v. HARVEY L. SONGER, *Appellant*.

(31 P. 2d 57.)

Opinion filed April 7, 1934.

*K. M. Geddes* and *E. W. Grant,* both of El Dorado, for the appellant.

*F. J. Leasure,* of El Dorado, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover $1,151.96, the amount of two dividends received by the defendant from two oil companies after he had sold the stock to the plaintiff and before the transfer was shown on the books of the companies.

The appeal in this case is limited to the errors of the trial court, if any, in overruling the motion of the defendant for a new trial. The notice of appeal and the assignment of errors are much broader and cover other errors alleged to have been committed in the trial of the cause but which have been disposed of in a ruling of this court on October 6, 1933, in sustaining the motion of the appellee

to dismiss the appeal in so far as it pertained to questions not embodied in the ruling on the motion for new trial. The reason for the ruling made at the October term was because the notice of appeal was not served or filed until more than six months after the ruling by the trial court upon the demurrer of defendant to the evidence of the plaintiff, which demurrer was overruled on the 14th day of December, 1932, and also the sustaining of the demurrer of the plaintiff to the evidence of defendant on the 29th of December, 1932, the appeal having been taken on the 20th day of July, 1933, more than six months from the time of the rulings upon these two demurrers, so that we have before us for review nothing to do with the errors, if any, committed by the trial court in its rulings upon these demurrers to the evidence. It is true that under the statutory provisions of a motion for new trial the second subdivision concerns erroneous rulings of the court which, if appeal is taken in time, would and might naturally cover the erroneous rulings as to sustaining or overruling demurrers to the evidence. But while this section, R. S. 60-3001, provided this apparent overlapping of review of rulings on a demurrer, which rulings do not now require a motion for new trial in order for them to be reviewed in this court, because our legislature as far back as 1872 amended the original statute as to the order of procedure of trial after jury sworn, being now designated as R. S. 60-2909, by inserting in subdivision 3 thereof the provision allowing either party to demur to the evidence of the adverse party, whereas the original subdivision 3 provided only "the party on whom rests the burden of the issues must first produce his evidence; the adverse party will then produce his evidence," so that in spite of some early decisions to the effect that errors in the ruling on a demurrer to the evidence must be raised by motion for new trial, the decisions subsequent to this amendment are otherwise. In the case of *Moore v. Annuity Association,* 93 Kan. 398, 148 Pac. 981, it was held:

"In accordance with the later decisions it is held that the demurrer to appellants' evidence admits as facts whatever such evidence fairly tends to prove, and it is a question of law—not of fact—whether such facts constitute a cause of action in favor of appellants, and that no motion for a new trial was necessary to present this question to this court." (p. 404.)

See, also, *Wagner v. Railway Co.,* 73 Kan. 283, 85 Pac. 299, to which the opinion in the above-entitled case refers.

This same rule has been regularly followed, and it is also author-

ized by the closing clause of the second subdivision of R. S. 60-3302 which directly authorizes an appeal to this court from an order of the district court "that sustains or overrules a demurrer." It was stated in *Schubach v. Hammer*, 117 Kan. 615, 232 Pac. 1041:

"An order sustaining a demurrer to evidence is a ruling on a question of law. It is an appealable order, and a motion for a new trial is neither necessary nor proper." (Syl. ¶ 1.)

"Appellee raises the point that to review a ruling on a demurrer to evidence a motion for a new trial is necessary, citing *Coy v. Railway Co.*, 69 Kan. 321, 76 Pac. 844, and earlier cases. The rule stated in those authorities is no longer the law of this state. The statute now in force provides for a demurrer to evidence (R. S. 60-2909, clause 3) and makes the ruling of the court on a demurrer an appealable order (R. S. 60-3302). Under these statutes the court has repeatedly held that an order sustaining or overruling a demurrer, either to a pleading or to evidence, may be reviewed without a motion for a new trial having been filed. (*Schubach v. Hammer*, 117 Kan. 615, 282 Pac. 1041, and cases cited, page 617.)" (*Emerson-Brantingham Imp. Co. v. A. C. Penniman & Son H. Co.*, 132 Kan. 56, 57, 294 Pac. 883.)

The assignments of error in this case are as follows:

"1. The court erred in taking the case from the jury and refusing to submit the case to the jury.

"2. The court erred in rendering judgment in favor of the plaintiff and against the defendant.

"3. The court erred in failing to render judgment in favor of the defendant for costs.

"4. The court erred in overruling defendant's motion for a new trial and in refusing to vacate and set aside the judgment rendered against the defendant and refusing the new trial."

The appellant considers the second, third and fourth assignments together and insists that as a matter of law the trial court pronounced an erroneous decision and judgment in the action, and its refusal to vacate and set aside such judgment and grant a new trial was error. The appellant then proceeds to reason from the written contract, pleadings and the record generally that the defendant was entitled to the dividends earned in the month of April and paid to the defendant in May between the date of the contract of purchase and sale of the stock and the transfer of the same. This was the identical question considered by the trial court in sustaining the demurrer to the evidence, and whether such decision was right or wrong, it is not here for consideration on appeal by reason of the statutes and decisions heretofore cited. The testimony of the defendant is all the testimony that is set out in the abstract, and it

goes directly and entirely to sustain the allegations of his answer as to his rights under the written contract of sale attached to the petition. The second and third assignments of error must therefore be wholly excluded from this review because of failure to appeal in time from the rulings of which complaint is made, and any attempt to reach or cover them by a motion for a new trial must also be excluded from this review for the reasons set out in the earlier part of this opinion.

A careful consideration of all the points raised by appellant in his brief as coming within the six subdivisions of the statute defining a new trial and its grounds (R. S. 60-3001) would appear to be limited to the exception taken to the order of the trial court taking the case from the jury. The record shows the cause was tried to a jury throughout, and it heard all the evidence on both sides of the case, but after the close of the testimony and upon the hearing of the demurrer of the plaintiff to the evidence of the defendant, the court discharged the jury and a few days later, after further argument, sustained the demurrer and rendered judgment for the plaintiff. The record shows no dispute as to the facts and, therefore, there was nothing left for the jury to determine. It was wholly a question of law as to who was entitled to the dividends paid by the oil companies after the date of contract of purchase of the stock and before the date of the transfer thereof on the books of the oil companies. This is purely a question of law for the court and not one for the jury, as will readily be observed in the early case of *Ryan et al. v. L., A. & N. W. Rly. Co. et al.,* 21 Kan. 365:

"As incident to shares of stock in a corporation, is the right to receive all dividends by the owner and holder of the same after the purchase thereof—that is, their proportional share of all profits not divided when such purchase is completed—and it is immaterial at what times or from what sources these profits have been earned, the assignment of a share of stock from one owner to another conveys and transfers not only the stock, but, as incident thereto, the right to share in the profits of the corporation, in the proportion which the stock so transferred bears to the whole capital stock used in the enterprise for which the corporation was organized." (Syl. ¶ 6.) (See, also, 60 A. L. R. 705.)

The exhaustive brief of the appellant cites bank cases where a different rule prevails because of a special statute providing for double liability, and also discusses the fact of the stock which was sold having been formerly pledged to the purchaser as security for a loan, where the rule is different, as shown in *Bailey v. Pierce,* 123

Kan. 359, 255 Pac. 37. The record in this case shows the contract of sale succeeded and disposed of the pledging arrangement, and that there was also something along the line of an option of repurchase in connection with the sale contract, but the rights of the parties under the pledge security contract and the proposed option arrangement would not be jury matters, hence there was no error in discharging the jury.

We find no error in the overruling of the motion for a new trial. The judgment is affirmed.