No. 32,100

THE SECURITY FINANCE COMPANY, *Appellee*, v. WILLIAM HOYT, *Appellant*.

(53 P. 2d 802)

Opinion filed January 25, 1936.

*J. Graham Campbell*, of Wichita, and *W. M. Glenn*, of Tribune, for the appellant.

*Carl O. Bauman*, of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action in replevin. Plaintiff prevailed, and defendant appeals.

Appellee insists the appeal is not in time and must be dismissed. If this contention is sound it of course ends the lawsuit. The cause was tried on the 9th day of November, 1933. The trial court announced its decision on November 24. What transpired on those dates reads:

"Thereupon, plaintiff introduces its evidence, and rests. And the defendant introduces his evidence in support of his answer to the plaintiff's bill of particulars, and rests. And thereupon, plaintiff demurs to the evidence introduced by defendant, and the court, after being fully advised in the premises and after hearing the argument of counsel, and upon the 24th day of November, 1933, finds that the plaintiff's demurrer should be sustained; that the allegations contained in plaintiff's bill of particulars are true; that the plaintiff is entitled to the relief prayed for and is the owner of and entitled to the possession of the said automobile involved herein."

Appellant filed a motion for new trial on November 25. The pertinent portion thereof reads:

"Comes now the defendant and moves the court to set aside the judgment rendered in this case on November 24, 1933, and to grant a new trial of the issues joined herein for the following reasons."

Appellant's notice of appeal reads:

"You will take notice that the defendant intends to and does hereby appeal to the supreme court of Kansas from all the judgments, rulings and orders of the district court in this case, and particularly from the judgment rendered in this case in favor of the plaintiff on November 24, 1933, and the further judgment of the court on December 29, 1933, in overruling the defendant's motion for a new trial."

The appeal was perfected June 28, 1934. The portion of R. S. 60-3309 applicable here provides:

"The appeal shall be perfected within six months from the date of the rendition of the judgment or order appealed from."

The appeal was perfected seven months and four days after the ruling of the trial court sustaining the demurrer to defendant's evidence. The appeal from that ruling was clearly too late. (*Greiner v. Greiner*, 130 Kan. 333, 286 Pac. 219.) A demurrer to the evidence presents a pure question of law. A motion for new trial is neither necessary nor proper where a demurrer is sustained to the evidence. (*White v. Railway Co.*, 74 Kan. 778, 88 Pac. 54; *Schu-*

*bach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *El Dorado Refining Co. v. Songer,* 139 Kan. 329, 31 P. 2d 57.) The fact a motion for new trial is filed will not enlarge the time for such appeal. (*White v. Railway Co.,* supra; *Van Tuyl v. Morrow,* 77 Kan. 849, 92 Pac. 303; *Bowen v. Wilson,* 93 Kan. 351, 144 Pac. 251; *Sheahan v. Kansas City,* 102 Kan. 252, 169 Pac. 957.)

Appellant insists that final judgment was not rendered until December 29, 1933. That is the date on which the motion for new trial was overruled. The journal entry, being the final record of judgment, covered the ruling on the motion for new trial and also sustained plaintiff's demurrer to defendant's evidence. The ruling of the trial court on November 24, 1933, was an appealable order. It was so regarded by appellant. Hence appellant was in no wise misled. This fact is clearly indicated by the motion for a new trial, which he filed the next day. While the motion for new trial, as previously stated, was neither necessary nor proper, it clearly appears appellant regarded the ruling of November 24 as a judgment sustaining the demurrer to his evidence. His motion for new trial expressly refers to it as a judgment. His present contention that the language contained in the journal entry, to wit: "Plaintiff's demurrer should be sustained," became operative only on final judgment, is not well taken. Furthermore, the notice of appeal clearly shows upon its face that he appealed "from all the judgments, rulings and orders of the district court in this case, and particularly from the judgment rendered in this case in favor of plaintiff on November 24, 1933."

Appellant's contention that the time for perfecting his appeal is measured from the date of final judgment is erroneous. An order sustaining or overruling a demurrer to evidence is an appealable order. (*Israel v. Lawrence,* 126 Kan. 586, 270 Pac. 602.) The ruling on November 24 was an order sustaining the demurrer and was so treated by appellant. The time within which to perfect an appeal dated from November 24. In the case of *White v. Railway,* 74 Kan. 778, 88 Pac. 54, it was held:

"A *ruling* sustaining a demurrer to evidence is an appealable order; that is, one which may be reviewed by independent proceedings in error begun immediately, without waiting for a final judgment to be rendered.

"Where a demurrer to evidence is sustained a motion for a new trial is neither necessary nor proper, and the fact that such a motion is filed will not enlarge the time within which a case may be made upon which to review the ruling on the demurrer." (Syl. ¶¶ 1, 2. Italics ours.)

In the case of *Norman v. Railway Co.*, 101 Kan. 678, 168 Pac. 830, the question of appeal involved an intermediate appealable order. This court said:

"Defendant challenges the court's jurisdiction to review the question presented touching the matter stricken from the petition for the reason that more than six months elapsed after the ruling of the trial court before an appeal was taken. The code gives an appeal from any order of the district court 'that involves the merits of an action, or some part thereof.' (Civ. Code, § 565.) An order to strike out certain parts of a petition is equivalent to sustaining a demurrer thereto. If the matter stricken out involved the merits of the action or some part thereof, the order to strike out was certainly an intermediate appealable order. (*Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039.) The plaintiff's petition without the matter stricken out either did or did not state a cause of action. If without the stricken matter the petition did not state a cause of action, the plaintiff should have appealed within six months, for the all-important reason that this court's jurisdiction is limited to appeals taken within that time. (Civ. Code, § 572.)" (p. 680.)

In the more recent case of *Greiner v. Greiner*, supra, the rule was stated thus:

"When defendant's testimony was concluded plaintiff filed a demurrer thereto, which was overruled. At the close of all the testimony the case was submitted to the jury with instructions, and upon the evidence and instructions of the court the jury found in favor of the defendant.

"One complaint is that the court erred in overruling plaintiff's demurrer to defendant's evidence. This ruling was an appealable order, but it was not brought here within the six-months period, and therefore the right to obtain a review of that ruling is lost." (p. 334.)

The appeal in the instant case must be dismissed. It is so ordered.