No. 34,061

WALTER KOTWITZ, *Appellee*, v. GRIDLEY MOTOR COMPANY, *Appellant*.

(84 P. 2d 903)

Opinion filed December 10, 1938.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellant.

*Earl C. Moore* and *Lester Wilkinson,* both of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question for decision arises on a motion to dismiss an appeal. In the court below, the trial was by jury. At the conclusion of plaintiff's evidence the defendant interposed a demurrer, which was overruled. The trial proceeded and the case was submitted to the jury, which disagreed. Thereafter defendant filed a motion for a rehearing on the demurrer and for a directed verdict, both motions being denied. Thereafter the plaintiff filed a motion to dismiss the action without prejudice, and it was subsequently allowed. Within a few days the defendant appealed to this court, specifying as error all the rulings, orders and judgments entered, and particularly the overruling of the demurrer. The plaintiff appellee then moved this court to dismiss the appeal, its reasons being summarized thus: The case being dismissed without prejudice, the matter is moot; there is no final judgment against defendant in the lower court, and there was no appealable order rendered against

the defendant unless it was the order of dismissal, which is not one of the particular orders from which the appeal is taken.

The matter has been briefed and submitted on the motion.

In its argument in support of the motion, appellee treats the matter as though no appeal has been taken from the order of dismissal. With that assumption we cannot agree, but in the view we take of the matter whether the assumption is erroneous is immaterial.

It is first contended that because of the dismissal there is now no controversy between the parties, and hence nothing to appeal from. In support, appellee cites 18 C. J. 1148 and 1158, but a reading therefrom will show that the dismissal may be had only where it does not prejudicially affect the rights of the defendant. To determine whether there is any order or judgment from which an appeal lies, and whether the matter is moot, depends on whether there was a final order or a judgment against the defendant in the lower court, and its effect. In support of his contention that no final order was made, appellee directs our attention to *Schafer v. Weaver*, 20 Kan. 294, 298 (decided in 1878), in which it was held that submission of a demurrer to the evidence in a cause being tried by a jury was not a final submission, and wherein it was held:

"The district court, after sustaining a demurrer to evidence interposed by the defendant, and before rendering any judgment thereon, may in its discretion allow the plaintiff to dismiss his action without prejudice." (Syl.)

and to a quotation from 2 R. C. L. 43, that the overruling of a demurrer is not an appealable order. The Schafer case is not conclusive here, partly because of changes in our code of civil procedure and partly because of a material difference in the manner in which the question arose, as a reading of that decision will disclose. And the R. C. L. quotation is not correct insofar as this state is concerned.

In our code of civil procedure, as it has existed since its revision in 1909, it is provided:

"The supreme court may . . . modify any of the following orders of the district court or a judge thereof . . . that sustains or overrules a demurrer." (G. S. 1935, 60-3302.)

Such amendment of the section as there has been has not changed the above. Plain though the language of the code is, this court has had occasion to say that an order sustaining or overruling a demurrer to evidence is an appealable order. Among the cases so holding are *Schubach v. Hammer*, 117 Kan. 615, 232 Pac. 1015; *Israel v. Lawrence*, 126 Kan. 586, 270 Pac. 602; *Security Finance Co. v. Hoyt*, 143 Kan. 11, 53 P. 2d 802, and *Walker v. S. H. Kress*

& Co., 147 Kan. 48, 55, 75 P. 2d 820. In *Corr v. Continental Oil Co.*, 145 Kan. 78, 64 P. 2d 30, no question as to right of appeal was raised. There defendants' demurrer to plaintiffs' evidence was overruled, the case proceeded, and the jury, being unable to agree, was discharged. Thereafter the defendants appealed from the ruling on the demurrer and this court entertained the appeal. In that case no attempt was made by plaintiffs to dismiss their action. It is thus apparent that as soon as a demurrer to evidence is ruled on, the party adversely affected has a right of appeal.

Was this right of appeal cut off by the dismissal of the action prior to the perfection of appeal? An analogous situation was involved in *Hicks v. Parker*, 143 Kan. 763, 57 P. 2d 413. There a motion to strike plaintiff's petition was allowed. Shortly thereafter the cause was dismissed on motion of defendant for want of prosecution. Within time plaintiff appealed. In the opinion it was said:

"On behalf of appellee it is contended the order striking the amended petition from the files is a moot question, for the reason the trial court subsequently dismissed the action for want of prosecution. The order striking the amended petition from the files is a final order and appealable. (R. S. 60-3302, 60-3303.) Appellant had six months from the date of the order within which to perfect his appeal. (R. S. 60-3309.) The right of appeal was not defeated by the subsequent order made within the period allowed for appellate review." (p. 765.)

It may here be noticed the same question is again raised in a second appeal in the same case, this day decided. (See *Hicks v. Parker*, post, p. 679, 84 P. 2d 905.) There the dismissal was procured by the defendant; here the dismissal was by the plaintiff.

We are of opinion that where a plaintiff invokes the jurisdiction of a court by filing a petition, and in a trial on the cause of action a demurrer is lodged against his evidence and is ruled on, the plaintiff may not thereafter, by procuring a dismissal of the action without prejudice, cut off the right of the defendant to appeal from the ruling on the demurrer insofar as it is adverse to him. The party against whom a final order is made has a substantial right in his right of appeal. When the present plaintiff instituted his action and invoked the jurisdiction of the court, he did so with notice of what consequences might follow, and when they did follow as outlined above, he may not avoid them by dismissing his action.

Authorities cited in the briefs, as well as others, have been examined, but we do not find it necessary to comment on them.

From what has been said it follows that the motion to dismiss the appeal should be, and it is, denied.