No. 33,899

T. G. HICKS, *Appellant*, v. C. T. PARKER, *Appellee*.

(84 P. 2d 905)

Opinion filed December 10, 1938.

*Charles M. Tucker* and *Charles Vance*, both of Liberal, for the appellant.

*G. L. Light, Auburn G. Light*, both of Liberal, *J. S. Brollier*, of Hugoton, and *Carl Van Riper*, of Dodge City, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover damages for fraud in obtaining a conveyance of mineral rights in certain described real estate. The trial court sustained a demurrer to plaintiff's evidence, and he appeals, assigning as error the ruling on the demurrer as well as rulings excluding certain evidence and denying a motion for a new trial.

We shall first notice the objections of the appellee to our consideration of the appeal. This is the second appearance of this case in this court. (See *Hicks v. Parker*, 143 Kan. 763, 57 P. 2d 413, for a full statement of what transpired in the district court prior to that appeal.) It was there contended that because the plaintiff appellant had not appealed within the statutory time from the order striking his amended petition from the files, the dismissal had become final and the matter involved in that appeal had become moot. In disposing of that contention, it was said:

"On behalf of appellee it is contended the order striking the amended petition from the files is a moot question for the reason the trial court subsequently

dismissed the action for want of prosecution. The order striking the amended petition from the files is a final order and appealable. (R. S. 60-3302, 60-3303.) Appellant had six months from the date of the order within which to perfect his appeal. (R. S. 60-3309.) The right of appeal was not defeated by the subsequent order made within the period allowed for appellate review." (p. 765.)

After the mandate in the first appeal had been sent to the trial court, the cause was reinstated. The defendant, by his answer, raised the question that no appeal having been taken from the order dismissing the action, that order had become final and the trial court was without jurisdiction to hear the cause. The trial court held adversely to the contention and the trial proceeded until a demurrer was sustained to plaintiff's evidence, and the present appeal followed.

The appellee now contends the order dismissing the action for want of prosecution became final and therefore the trial court was without jurisdiction to hear the cause and this court is without jurisdiction to entertain the appeal, and in that connection argues that this court, in its opinion on the first appeal, did not decide the question of the effect of the dismissal.

The question of the effect of a dismissal of a cause on the right of one adversely affected by an order or ruling from which an appeal would lie was under consideration in the case of *Kotwitz v. Gridley Motor Co.*, ante, p. 676, 84 P. 2d 903, this day decided. What was there said need not be here repeated. Under the reasoning of that case, it is clear that the dismissal of the cause, following the making by the court of an order from which an appeal would lie, was necessarily conditional on the final ruling on the appealable order. It may be further remarked that the dismissal for failure to prosecute was without prejudice to a future action (see G. S. 1935, 60-3105, *Fourth*), and the reinstatement of the original action may well be said to be a future action. The trial court was not without jurisdiction to hear the cause, nor is this court without jurisdiction to entertain the appeal.

A discussion of appellant's assignments of error calls for a brief statement of the controversy as set up by the pleadings. Plaintiff was the owner of a quarter section of land on which he had given an oil and gas lease to Argus Production Company. On March 22, 1930, the defendant represented to plaintiff that defendant was an agent of the Argus Production Company and had authority to make locations for oil and gas wells, and that if plaintiff and his wife would execute and deliver to defendant a deed for one-half of the

mineral rights, defendant, as agent of the Argus Production Company, would locate a well on plaintiff's land and cause the company to drill thereon. Defendant agreed to and did pay plaintiff $160 as consideration for the mineral deed. The representations of defendant were relied on by plaintiff but were false; that defendant was not the agent of the Argus Production Company for the purpose of locating wells and was not employed by it for that purpose, and had no authority so to do; that plaintiff did not discover the fraud until within the statutory period of two years; that defendant had conveyed the interest acquired by him under the deed and that plaintiff had been damaged in the sum of $12,500. Other allegations of the petition need not be noticed. The answer put in issue the question of the fraud.

Plaintiff's evidence showed that a well was located on his lands and was subsequently completed. The gist of the fraud claimed was that defendant was not an agent of the Argus Production Company authorized to locate wells, but that in some manner he learned where a well was to be drilled, and falsely represented he was so authorized in order to procure execution of the mineral deed to himself. Unless the representation was false, there was no fraud. It was incumbent on the plaintiff to prove that the representation was false. To accomplish that he attempted to testify that one Hardy had told him defendant had no authority to make locations for wells for the company. An objection the testimony would violate the rule as to hearsay evidence was sustained. Appellant complains of the ruling and cites authority holding declarations of the principal are admissible to prove or disprove agency. The rule is not applicable here. When the question was first asked there had been no showing that Hardy had any connection with the Argus Production Company. After the objection had been sustained, an attempt was made to have the witness state what Hardy's connection was, and he answered he didn't exactly know, and an objection was then sustained to his stating what he understood. We do not know what that understanding was. There was no showing otherwise. We may here observe that appellant filed a motion for a new trial, and to support the same filed his affidavit in which he denominated Hardy as vice-president in charge of operations. Assuming the motion for a new trial was proper for any purpose, there was no showing that due diligence had been used. There was no error in the court's ruling excluding the testimony as to defendant's agency.

As has been indicated, in order to prove the alleged fraud, it was incumbent on the plaintiff to prove that defendant's statements as to agency were false. Even though all other necessary elements were proved, appellant did not prove his cause of action and the demurrer to his evidence was properly sustained. It is therefore unnecessary to discuss other matters presented in the brief.

The judgment of the trial court is affirmed.