Fiumara, Appellant, *v.* Texaco, Inc.

Argued November 18, 1966.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*A. E. Hurshman,* for appellant.

*Henry T. Reath,* with him *Paul B. Wells,* of the New York Bar, and *Duane, Morris & Heckscher,* for Texaco, Inc., appellee.

*Robert W. Sayre, Frank R. Clampitt,* of the New York Bar, and *Saul, Ewing Remick & Saul,* for Sinclair Refining Company in its own right and as successor by merger to Richfield Oil Corporation of New York, appellee.

*Miles W. Kirkpatrick, Henry T. Hartmann,* of the New York Bar, and *Morgan, Lewis & Bockius,* for Humble Oil & Refining Co., appellee.

*John T. Clary,* for Gulf Oil Corporation, appellee.

OPINION BY MR. JUSTICE JONES, June 29, 1967:

Pasquale Fiumara, [Fiumara], the owner of a gasoline station, on August 5, 1964, filed a petition in the Court of Common Pleas No. 5 of Philadelphia County for a rule to show cause why a complaint he proposed to file against Texaco, Inc., Sinclair Refining Company, Humble Oil and Refining Company, Gulf Oil Corporation and Richfield Oil Corporation of New York, [Oil Companies], "shall not remain within the exclusive jurisdiction of the Court [of Common Pleas of Philadelphia County]." The complaint, not filed but attached to Fiumara's petition,[1] charged the Oil Companies with a common law conspiracy in restraint of trade.[2] The court granted the rule and directed a stay of all proceedings in the meanwhile. Two days prior to the return day of the rule, the Oil Companies re-

---

[1] The complaint was not filed until eight months *after* the instant appeal was taken.

[2] In 1961, Fiumara brought an antitrust action against the Oil Companies in the United States District Court for the Eastern District of Pennsylvania and that court granted the Oil Companies' motion for summary judgment: *Fiumara v. Texaco, Inc.,* 204 F. Supp. 544, E.D. Pa. (1962). Fiumara then appealed to the United States Court of Appeals for the Third Circuit which, per curiam, affirmed the entry of the summary judgment: *Fiumara v. Texaco, Inc.* (C.A. 3), 310 F. 2d 737 (1962) and the United States Supreme Court denied certiorari (372 U.S. 976, 83 S. Ct. 1109 (1963)). In 1963, Fiumara instituted a second action in the Court of Common Pleas in Philadelphia County; this action was removed to the United States District Court for the Eastern District of Pennsylvania which granted the Oil Companies' motion for summary judgment on the grounds of *res judicata* and collateral estoppel. From the entry of that judgment no appeal was taken.

moved the action to the United States District Court for the Eastern District of Pennsylvania upon the ground that exclusive jurisdiction was vested in the Federal Court. At that time, the Oil Companies filed a bond.[3] This bond was conditioned that the Oil Companies would "pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed".

On June 14, 1965, on motion to remand by Fiumara, the Federal Court, speaking through Judge VAN DUSEN, remanded the action to the Court of Common Pleas No. 5 of Philadelphia County.

In the meantime, on March 2, 1964, the Oil Companies had instituted an equity action in the United States District Court for the Eastern District of Pennsylvania wherein it was sought "to enjoin [Fiumara] and his representatives from prosecuting any claim, cause of action, question or fact, which was or could have been litigated in two prior actions decided by this [Federal] court." A hearing on this request for injunctive relief was set for April 30, 1964, at which time Judge HIGGINBOTHAM refused to issue the preliminary injunction: *Texaco, Inc. v. Fiumara,* 232 F. Supp. 757, E.D. Pa. (1964). The refusal to issue a preliminary injunction was bottomed on the fact that this Court had declared the Pennsylvania Fair Trade Act[4] invalid.[5] The Oil Companies later sought a sec-

---

[3] This bond was such as required by statute. See: Act of May 24, 1949, c.139, §83, 63 Stat. 101, as amended, 28 U.S.C. §1446(d).

[4] Act of June 5, 1935, P. L. 266, 73 P.S. §§7-11. See: *Olin Mathieson Chemical Corp. v. White Cross Stores, Inc.,* 414 Pa. 95, 98, 199 A. 2d 266 (1964).

[5] Judge HIGGINBOTHAM expressed no opinion as to the application of the Oil Companies' defenses of *res judicata* or collateral estoppel. Instead, in view of the holding of this Court as to the unconstitutionality of the Pennsylvania Fair Trade Act, supra, he

ond preliminary injunction and, after hearing, Judge HIGGINBOTHAM on September 30, 1965, again denied injunctive relief.

After Judge VAN DUSEN'S decision remanding the action to the Court of Common Pleas No. 5, Fiumara, on October 20, 1965, obtained a rule upon the Oil Companies to show cause why he should not be reimbursed for all the costs, disbursements and attorney fees, amounting to $13,212, incurred by him in connection with the litigation involving the Oil Companies' attempt to remove the action to the Federal Court. The court below discharged this rule *without prejudice*. The present appeal is from that order.

The issue presented by this appeal is whether Fiumara is entitled to the payment by the Oil Companies of all costs, disbursements and attorney fees incurred by him by reason of the attempted removal proceedings. The gravamen of his contention is that the Oil Companies, in seeking to remove the conspiracy action from the Court of Common Pleas No. 5 to the Federal Court, acted in bad faith and as part of a plan of harassment by the Oil Companies of Fiumara.

Fiumara takes the position that, when the Oil Companies filed the $250 bond with their petition of removal to the Federal Court, this constituted evidence that the Oil Companies *agreed* ". . . [to] pay all costs and disbursements incurred by reason of the removal proceedings [if] . . . it be determined that the case was not removable or was improperly removed. . . .", and, since the Federal Court had decided that the removal of the action was improper and had remanded the action to the State Court, Fiumara

---

felt that the matter was "sufficiently uncertain that Fiumara should not have to risk a contempt citation to test the issue." *Texaco, Inc. v. Fiumara*, 232 F. Supp. 757, 760 (1964).

argues that he has the right to collect on this *agreement* to pay all costs and disbursements, the latter including reasonable attorney's fees. Fiumara contends that the Oil Companies breached the agreement contained in the removal bond and he seeks to liquidate the amount of costs and disbursements and to reduce such amount to a judgment so that he can then proceed against the Oil Companies' surety for that amount. In a nutshell, Fiumara contends that, because 28 USC §1446(d) mandates in removal proceedings the posting of a bond conditioned on the payment of costs and disbursements if the action was not removable or improperly removed, he is entitled to recover $13,212 because the Federal Court remanded the action to the Court of Common Pleas of Philadelphia County.

Before proceeding to any consideration of the issue raised on this appeal, we must determine whether the order of the court below constitutes an *appealable* order. The thrust of Fiumara's action in the court below is that the Oil Companies had entered into an illegal conspiracy in restraint of trade; even though a copy of a complaint *proposed to be filed* was attached to the original pleading in this action—which was a petition for a rule to show cause why the Court of Common Pleas did not have exclusive jurisdiction of the action—, up until the time of filing the instant appeal no complaint had ever been filed; after the various efforts of the Oil Companies to remove the action to the Federal Court had been thwarted, then Fiumara presented to the Common Pleas Court his petition for a rule for the award of the costs and disbursements which, allegedly, had been incurred by him in his successful challenge to the Oil Companies' attempt to remove the action to the Federal Court; at the time of the presentation of such petition, the action in the court below had not even reached the pleading stage.

Certain facts must be noted: (1) at the time of the entry of the order from which this appeal was taken, the merits of the controversy in the action instituted in the court below had not and could not have been considered because Fiumara had never filed a complaint;[6] (2) the order *refused* to make an award of costs and disbursements;[7] (3) the order did not affect the merits of the action nor constitute a final determination of the controversy;[8] (4) the order was made *without prejudice* to Fiumara's rights.

The order of the court below is clearly an unappealable order. It is neither a final order which conclusively determines the rights of the parties nor such an interlocutory order as is made appealable by statute. The instant appeal, therefore, must be quashed.

In view of the conclusion reached, we do not reach the issue raised on this appeal.

Appeal quashed.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.

---

[6] It naturally follows that the order entered in nowise determined the merits of the controversy. See: *Farmer v. Arabian American Oil Co.* (C.A. 2), 324 F. 2d 359 (1963), rev'd on other grounds, 379 U.S. 227, 85 S. Ct. 411 (1964); *Newton v. Consolidated Gas Co. of N.Y.*, 265 U.S. 78, 44 S. Ct. 481 (1924); *White v. Atchison, T. & S.F. Ry. Co.*, 74 Kan. 778, 88 P. 54 (1906); Annotation, 54 A.L.R. 2d 931 et seq.; 4 Am. Jur. 2d, Appeals & Error, §128, p. 644.

[7] See: 9 Standard Pennsylvania Practice, p. 83; *Rutherford v. Rutherford*, 152 Pa. Superior Ct. 517, 526, 32 A. 2d 921 (1943).

[8] See note 6, supra, cf. *Klugh v. Penna. R.R. Co.*, 29 Pa. Superior Ct. 583 (1905).